John Leslie **COTTON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18098.

United States Court of Appeals
Eighth Circuit.

June 13, 1966.

Fred H. Perabo, St. Louis, Mo., (Court-appointed), for appellant.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., on the brief, for appellee.

Before MATTHES, MEHAFFY and GIBSON, Circuit Judges.

GIBSON, Circuit Judge.

Following a trial by jury in the Eastern District of Missouri, appellant John

Leslie Cotton was found guilty and convicted on a two count information charging violation of 18 U.S.C. § 472 (passing counterfeit obligations of the United States [money] with the intent to defraud). Introduced at appellant's trial were three counterfeit twenty dollar bills and several groups of folded money consisting of four groups of $18 each, one group of $19 and one group of $9. Appellant appeals from this judgment contending that this evidence was the fruit of an illegal search and erroneously admitted into evidence.

The facts surrounding the search and seizure are as follows: Shortly after midnight on the morning of March 30, 1965 appellant drove his automobile into a gasoline service station in the city of St. Louis. He ordered two dollars' worth of gasoline from the attendant O. C. Turner. One dollar's worth, however, was all that the tank would hold. Appellant tendered what purported to be a twenty-dollar bill to Turner. Turner asked appellant if he had any other money, and appellant replied that he did not. The bill appeared suspicious to Turner, and unable to find a twenty dollar bill in the cash drawer with which to compare it, he took the bill to Richard Stoffel, the evening manager. Stoffel, too, was suspicious of the bill and returned it to appellant. While Stoffel was questioning appellant about the bill, Officer Pidgeon of the St. Louis police drove into the service station on his nightly rounds. Stoffel showed the bill to Officer Pidgeon. Pidgeon questioned appellant about the bill and appellant responded that he wasn't sure where he got it, possibly earlier that evening in Illinois. Sometime during the conversation appellant produced a single dollar bill, offered to pay for the gas and leave. Officer Pidgeon told him to stay. Thereafter, Officer Pidgeon called the F.B.I. and shortly received a return call from the Secret Service Office. The agent on the telephone indicated to Officer Pidgeon that the bill was probably counterfeit. Appellant was then placed under arrest by Officer Pidgeon, and a search of his person disclosed the additional counterfeit and the groups of genuine bills.

Appellant contends the above related facts did not give Officer Pidgeon the necessary probable cause to legally arrest appellant. Therefore, argues appellant, the search subsequent to the arrest was improper.

■ There is absolutely no merit in this contention. It is established beyond question that probable cause entitling an officer to validly arrest exists when the facts and circumstances known to the officer would warrant a prudent man in believing that the offense has been committed. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). The facts and circumstances of this case indicate the tender of an obviously suspicious twenty dollar bill in payment of a small purchase, the expressed suspicions of the two service station attendants, the advice from a Secret Service Agent of the Treasury Department that the bill was probably counterfeit, appellant's inability to offer a satisfactory explanation as to where the bill was obtained, the hour of the night, and the sudden discovery of a smaller bill when appellant had first stated that the bogus twenty was all the money he had. These facts and circumstances would not only warrant a prudent man to believe that the bill was counterfeit (as appellant's brief tacitly admits) but it would warrant the belief that the bill was being tendered with the intent to defraud. Clearly the officer had probable cause to arrest appellant. In fact, it is difficult for us to imagine how a more complete showing of probable cause could be made. The officer properly discharged his duty and is to be commended; to have acted otherwise would constitute a dereliction of duty. The search was proper and the evidence admissible.

Appellant also submits that he was prejudicially denied pursuit of a valid point in the cross-examination of a Gov-

ernment witness. Following the direct examination of Secret Service Agent Stigall, who testified that the bills in question were counterfeit, defendant's counsel asked, "Have a great number of these bills been recovered by the Secret Service, or have any others been recovered?" The Government objected to the question's relevancy. Appellant's stated goal in offering the evidence was "to determine if these bills have been recovered from people who are innocent of counterfeiting." The trial court sustained the Government's objection. Appellant argues this was error.

The fact that there are people with counterfeit bills in their possession who lacked intent to defraud did not in any way tend to establish that appellant, too, lacked this necessary criminal intent. For this purpose the sought information was, indeed, irrelevant. We think, however, there is arguably some merit in appellant's present position that the question that was asked was, in fact, relevant. Though somewhat remote, if appellant could establish that a large number of bills were in circulation, this would tend to prove that he came into possession of the bills innocently. Even for this purpose, however, the admissibility of the offered testimony is certainly not clearly established. For it could be argued that the sole issue is appellant's intent at the time he passed the bills. How he came into possession of the bills is not logically relevant, or even if technically relevant, is extremely remote.

■ Not only is it often very difficult to determine the abstract logical relevancy of a particular question, Wigmore on Evidence, §§ 30–36 (3rd Ed. 1940); even if rationally relevant, the offered evidence may still be inadmissible as lacking legal relevancy. United States v. Costello, 221 F.2d 668 (2 Cir. 1955) affd. 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397. The difference between abstract logical relevancy and the legal relevancy necessary for admissibility cannot always be set out in clear cut legal terms. Otherwise relevant evidence might be properly excluded because it is unduly remote or because it tends to confuse rather than enlighten the jury. This can only be handled by the trial court on a case-by-case application. United States v. Costello, supra; Wigmore on Evidence, § 29(a) and § 1864 (3rd Ed. 1940). Therefore, in this grey area of legal relevancy the law, as it must, wisely invests the trial court with wide latitude of action. Only with reluctance will the Court of Appeals substitute its judgment for that of the trial judge who is in an eminently superior position to weigh the competing circumstances. The trial court's determination of legal relevancy must be considered an act of discretion not to be disturbed absent a clear showing of abuse. Wilson v. United States, 250 F.2d 312 (9 Cir. 1957); Hardy v. United States, 118 U.S.App. D.C. 253, 335 F.2d 288 (1964); Holt v. United States, 342 F.2d 163 (5 Cir. 1965).

■ In the present case the trial court was presented with a debatable question of logical relevancy and a statement of ultimate purpose that was clearly irrelevant. The offered evidence, at best, was certainly remote and it could have well confused the jury as to the ultimate issue. Under these circumstances the trial court's action in closing the door to this inquiry was well within its broad discretionary powers. Its decision must stand.

■ Furthermore, we think Rule 52(a) Fed.R.Crim.P. is applicable herein. "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Therefore, even were we to assume arguendo that the testimony was legally relevant and was therefore erroneously excluded, appellant has not pointed out how his substantial rights have been affected, as he must do in order to be entitled to a reversal of the trial court. Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953); Baker v. United States, 156 F.2d 386 (5 Cir. 1946); Myres v. United States, 174 F.2d 329 (8 Cir. 1949). The evidence sought to be introduced, only in the most re-

mote sense might tend to indicate appellant's innocence of possession but not of uttering. On the other hand, appellant's guilt was overwhelmingly established by competent evidence. In viewing the entire record, we cannot say that the exclusion of this evidence prejudiced appellant or affected his substantial rights. Wheeler v. United States, 82 U.S.App.D.C. 363, 165 F.2d 225 (1947); Barron, 4 Federal Practice and Procedure, § 2578 (1951). Therefore, the action of the trial court must be upheld on this point.

Judgment affirmed.