JOHN HENRY DOKES AND SYLVIA DOKES *v.* STATE

5224                                    409 S.W. 2d 827

Opinion delivered December 19, 1966
[Rehearing denied January 23, 1967.]

Delector Tiller, John W. Walker, Jack Greenberg, James M. Nabrit III, and Michael Meltsner, for appellants.

Bruce Bennett, Attorney General; James C. Wood, Asst. Atty. Gen., for appellee.

HUGH M. BLAND, JUSTICE. The appellants are husband and wife and live in an apartment at 287 Granite Mountain Circle in the Booker Home Project.

On the night of January 30, 1965 at about 11 o'clock p.m., Officer Jim Harris of the Little Rock Police Department, who was also employed as night watchman for the Little Rock Housing Authority, observed an unusual amount of traffic entering the Booker Home Project. Several of these automobiles first went to the liquor store across the street and the occupants made purchases. At his request, Officers Parsley and Terry came to the Project. As the three officers approached the apartment where all of the cars had congregated, two men and a lady came from the apartment. The officers identified themselves and Sylvia Dokes, one of these persons, invited them to the apartment. Upon entering the apartment, the officers observed several people in the living room, kitchen and storage room. In all three of these areas there were beer cans and mixed drinks. There were twenty-two people in the apartment, some were adults, some were minors, the youngest being a girl aged fourteen. Officer Parsley testified that this minor, aged fourteen, had the smell of liquor on her breath; Janet Kirspel, aged nineteen, had a mixed drink in her hand which was later claimed by Sylvia Dokes as her drink. Other adults in the party admitted to the officers that they had been drinking. The officers did not have a search warrant and did not have a warrant of arrest.

All twenty-two persons were taken to the Police Sta-

tion and the adults were charged with Contributory Delinquency and the minors with possession of intoxicating beverages.

Appellants, after pleading not guilty to the charges against them, were tried in the Municipal Court of Little Rock on May 4, 1965, found guilty and fined $25.00 plus $10.50 costs each. An appeal was perfected by appellants to the Circuit Court of Pulaski County where they filed a motion to dismiss the information and to suppress the evidence. These motions were overruled by th Circuit Court. Trial was held on April 8, 1966 before a jury; both defendants were found guilty and a fine fixed at $200.00 each. Appellants filed a motion for new trial which was overruled and an appeal was perfected to this court.

An examination of the motion for new trial and the points relied upon for reversal reveals only two points that can be considered by this court: (1) The search was unreasonable and in violation of the Constitution of Arkansas, Art. 2, §15, and in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States, (2) the State failed to prove the necessary facts to sustain the conviction for contributory delinquency.

The defendants did not challenge or put in issue the sufficiency of the evidence.

Was the appellants' constitutional protection against unreasonable search violated by the officers? The officers, after identifying themselves as officers, were invited into the apartment by Sylvia Dokes, one of the appellants herein. No demand was ever made by her on the officers for a search warrant but the evidence clearly disclosed that she waived the right to a search warrant. *Williams* v. *State,* 237 Ark. 569, 375 S.W. 2d 375 (1964), quotes from 79 C.J.S. Searches and Seizures § 62, p. 816 et seq., which contains a discussion of waiver and consent and the holdings from the various juris-

dictions, including the United States Supreme Court, are summarized as follows:

"The constitutional immunity from unreasonable searches and seizures may be waived, as by a voluntary invitation or consent to a search or seizure. Thus individuals may waive their immunity to illegal searches of their persons, possessions, or dwelling houses, as well as to the illegal search of their premises, places of business, and searches and seizures of books, papers, or records. Hence, one who has thus consented to a search cannot thereafter complain of irregularities in the search warrant, or question its sufficiency or the manner of its issuance, since an invitation or consent to the search dispenses with the necessity of a search warrant altogether." [Also see 47 Am. Jur., Searches and Seizures, p. 547, § 71.]

We see no merit in appellants' contention that there was an unlawful search.

As to appellants' second contention, the State proved there was a congregation of adults and minors in appellants' apartment where intoxicating liquor was served. The statute on contributory delinquency, Ark. Stat. Ann. § 45-239 (Repl. 1964) provides that:

"Any person who shall, by any act, cause, encourage or contribute to the dependency or delinquency of a child * * * or who shall, for any cause, be responsible therefor, shall be guilty of a misdemeanor ***."

Appellants contend that it was necessary for the State to prove that the minors in question were, in fact, delinquents before appellants could be found guilty of contributing to their delinquency. In *Williams* v. *City of Malvern*, 222 Ark. 432, 261 S.W. 2d 6, we held that a person may be found guilty of contributing to the delinquency of a minor, under our statute, by acts which

directly tend to cause delinquency, whether that condition actually results or not. This follows the majority view as it was said in 4 Arkansas Law Review, p. 478:

"* * * The essence of the majority view is that requiring the child to have been a delinquent at the time the acts were committed or to be one as a consequence thereof would not be consonant with the beneficent purpose of the legislature, *viz.*, to stamp out juvenile delinquency at its roots."

We are committed to the rule that it is only necessary for the State to prove a condition or circumstances existing that would tend to cause, encourage or contribute to the delinquency of a child. The State met that burden and the conviction is well supported by the evidence.

All of the other points for reversal were not brought into the motion for a new trial and cannot be considered for the first time on appeal to this court. *Watkins* v. *State,* 222 Ark. 444, 261 S.W. 2d 274; *Hardin* v. *State,* 225 Ark. 602, 284 S.W. 2d 111.

Finding no error, the judgment of conviction is affirmed.