**STATE of Missouri, Respondent,**

v.

**Thomas Wendell STUART, Appellant.**

No. 52265.

Supreme Court of Missouri, Division No. 2.

June 12, 1967.

---

Norman H. Anderson, Atty. Gen., Jefferson City, Mo., Norman Humphrey, Jr. Asst. Atty. Gen., Independence, Mo., for respondent.

Neale, Newman, Bradshaw, Freeman & Neale, Thom G. Field, Springfield, Mo., for appellant.

STOCKARD, Commissioner.

Defendant was convicted by a jury of the offense of possessing an "apparatus, device or instrument for the unauthorized use of narcotic drugs." § 195.020 RSMo 1959, V.A.M.S. The court found that defendant had previously been convicted, sentenced and imprisoned for a felony and sentenced him to imprisonment for a term of three years.

Prior to trial defendant filed a motion to suppress evidence, and he alleged therein that certain items had been obtained from his possession by the police in an unlawful search and seizure because (1) they were "illegally seized * * * without a valid search warrant," and (2) the police officers "illegally entered the premises where * * defendant was a lawful occupant having permission to be there and then being present with the permission of the owner of such premises." The only point presented by defendant on this appeal is that the trial court erred in overruling this motion to suppress evidence.

■■■■ It has long and uniformly been the procedural rule in this state that the assertion of an unlawful search and seizure should be raised by motion to suppress the evidence filed prior to trial, State v. O'Brien, Mo., 252 S.W.2d 357, 359, certiorari denied 345 U.S. 929, 73 S.Ct. 790, 97 L.Ed. 1359; State v. Garrison, Mo., 305 S.W.2d 447, 451, with the possible exception where the accused "had no reason to anticipate the evidence would be introduced and was surprised." State v. O'Brien, supra. "The reason for this rule is that the trial court should not be required to stop during the course of a trial to determine a collateral issue as to the legality of the means by which the prosecution obtained its evidence." 29 Am.Jur.2d Evidence § 426. If the motion to suppress the evidence is overruled, the court then at the trial only determines whether the confiscated evidence is competent and relevant. State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878; State v. Holt, Mo., 415 S.W.2d 761. At

the hearing on the motion to suppress evidence, the defendant has the burden of presenting evidence to sustain his contentions. As stated in State v. Hepperman, supra, "Not only is the legality of a seizure properly determined by a motion to suppress the evidence but the burden is on the defendant to offer evidence and affirmatively demonstrate the illegality of the search and seizure. The motion does not prove itself." See also State v. Holt, supra.

At the hearing on the motion to suppress in this case defendant introduced evidence showing the following facts and circumstances. Faith Allen, who was crippled or in some manner handicapped, and Jackie McDaris lived together in an apartment at 930 W. Walnut Street in Springfield, Missouri. Miss Allen paid Jackie "for taking care of her," and from that money Jackie paid the rent on the apartment. They had lived in the apartment about two or three weeks prior to September 5, 1965. When they moved in, defendant also moved in but according to Jackie "nobody told him he could." He stayed there "fairly continuously," apparently with permission of Faith Allen. On September 5, 1965, Jackie returned to the apartment and found defendant, Donald Holt, and Cathy Cave in the kitchen "getting the stuff" ready. She asked them to leave, and when they did not she had her brother, Jasper Goddard, call the police. In response to this call three police officers met Jasper who told the officers "that there was a man up in his sister's apartment taking dope, and that she had sent him down to get * * * the police." Police officers Smith and Hawkins followed Jasper into the building and walked down a hallway which served all the apartments. The record is not clear if there was a second hallway which served only the apartment of Jackie and Faith, but the door to the kitchen of their apartment was ajar. Officer Smith looked through this door and saw Holt with "one hand to the other arm" and saw defendant "standing at the table .* * * with a rag wrapped around his arm and filling a

syringe from a pan on the table" and he saw the "paraphernalia on the table." Jasper showed the officers his sister's apartment and entered it ahead of the officers who entered and arrested defendant.

The officers had no search warrant. Therefore, the issue is whether, as defendant asserted in his motion to suppress evidence, the police officers "illegally entered the premises" where defendant was lawfully present with "the permission of the owner of such premises." For the reasons subsequently stated we conclude that the trial court properly overruled the motion to suppress the evidence.

Defendant relies primarily on Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233, to demonstrate that he had the requisite "standing" to challenge the legality of the search and seizure. However, as pointed out in the footnote to the annotation following that case in 78 A.L.R.2d at p. 250, the question whether and to what extent the owner or possessor of premises may consent to a search, and thereby override any objection which may be made by one who is on the premises with consent, did not arise and was not discussed in the Jones case. Defendant was not shown to have any possessory interest in the apartment. He was there only with the permission of Faith Allen. However, Jackie McDaris did have a possessory interest. She and Faith occupied the apartment together, and she paid the rent from money received from Faith in payment for taking care of her. Jackie had her brother call the police to the apartment. This request by Jackie through her brother had the same legal effect as if she personally had contacted the police and requested them to come to her apartment. Regardless of whether defendant, by reason of his presence in the apartment with permission from Faith, had the "standing" to object to an entry by the police officers in the absence of an invitation to the police from Jackie, such "standing" cannot override the right of the owner or possessor to invite the police to enter the apartment.

When the police officers entered the kitchen of the apartment they did so at the express request and invitation of Jackie, and defendant who was present only with the permission of one of two persons who had a possessory interest is not entitled to assert that the police officers unlawfully entered the kitchen. See the cases cited in the annotation in 31 A.L.R.2d at p. 1081 et seq. It has repeatedly been held that one who has equal authority over premises may authorize a search of them, Drummond v. United States, 8 Cir., 350 F.2d 983, certiorari denied Castaldi v. United States, 384 U.S. 944, 86 S.Ct. 1469, 16 L.Ed.2d 542; United States v. Sferas, 7 Cir., 210 F.2d 69, certiorari denied Skally v. United States, 347 U.S. 935, 74 S.Ct. 630, 98 L.Ed. 1086; Roberts v. United States, 8 Cir., 332 F.2d 892, and certainly such person may authorize an entry onto the premises contrary to the wishes of another who has far less authority. See also, Maxwell v. Stephens, 8 Cir., 348 F.2d 325; Burge v. United States, 9 Cir., 342 F.2d 408; and Teasley v. United States, 9 Cir., 292 F.2d 460. After the police were lawfully in the apartment they saw the defendant engaged in the commission of a felony in their presence, and for that reason the arrest of defendant was lawful, and the seizure of the items constituting apparatus, devices, or instruments for the unauthorized use of narcotic drugs was authorized. State v. Jefferson, Mo., 391 S.W.2d 885. What constituted a lawful entry did not become a trespass or unlawful because after such entry the officers saw unlawful activity on the part of defendant. People v. Cahan, 150 Cal.App.2d 786, 310 P.2d 661.

This case does not present the factual situation where the defendant as a roomer or tenant was given exclusive possession of a room in an apartment or building, and the owner or lessor invited the police to enter that room. See Stoner v. State of California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856. Defendant was in the kitchen of the apartment, and it was there that his illegal activity was being carried on and

where the items subsequently seized by the police were located. The factual situation in this case is comparable to that in Burge v. United States, supra, where the police were invited into an apartment by the owner and seized items belonging to a guest located in the common bathroom of the apartment. The trial court properly overruled the motion to suppress evidence.

The review required by Criminal Rules 28.02 and 28.08, V.A.M.R., shows that the information is sufficient; that defendant was represented by counsel throughout the trial and on this appeal; that the verdict is in proper form and responsive to the issues; that the punishment is within legal limits; and that allocution was granted.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

FINCH, P. J., and STORCKMAN, EAGER and DONNELLY, JJ., concur.