Jacqueline J. RICH, a/k/a Pat Eckert,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18893.

United States Court of Appeals
Eighth Circuit.

Feb. 13, 1968.

Dewey S. Godfrey, St. Louis, Mo., for appellant.

Veryl L. Riddle, U. S. Atty., and Irvin L. Ruzicka, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BLACKMUN, GIBSON and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The defendant was convicted on all counts of an eight count indictment charging her with the possession (4 counts) and sale (4 counts) of depressant or stimulant drugs, amphetamine sulfate tablets (pep pills), within the meaning of 21 U.S.C. § 321(v)(2) (Supp. II 1965–66), in violation of 21 U.S.C. § 331(q) (2) (Supp. II 1965–66). She was sentenced to the custody of the Attorney General for a period of one year on each count. The sentences on Counts II, III and IV to be served concurrently with the sentence on Count I; the sentences on Counts VI, VII and VIII to be served concurrently with the sentence on Count V; the sentences on Counts I and V to be served consecutively. The total sentence on the eight misdemeanors was thus for a period of two years. She appeals from the judgment of conviction.

While we have some difficulty in understanding the basis for the appeal, the defendant seems to argue that the trial court erred in receiving testimony that the defendant knew that she was violating the law by selling the "pep pills,"[1]

and that the error was compounded by the court's instruction to the jury that it was not necessary for it "to find that the defendant intended to violate the law or that she was aware she was doing so for you to find her guilty."

It is clear that neither knowledge nor intent is necessary to establish a violation of the statute under which the defendant was indicted and convicted. United States v. Wiesenfeld Warehouse Co., 376 U.S. 86, 84 S.Ct. 559, 11 L.Ed. 2d 536 (1964); United States v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L. Ed. 48 (1943); Myers v. United States, 377 F.2d 412 (5th Cir. 1967); Roseman v. United States, 364 F.2d 18 (9th Cir. 1966), cert. denied Copley v. United States, 386 U.S. 918, 87 S.Ct. 879, 17 L.Ed.2d 789 (1967). The instruction was, therefore, proper but evidence tending to establish that the defendant knew that the sales were in violation of federal law was irrelevant.[2]

The Government contends (1) that the testimony as to knowledge and intent was relevant to disprove the defense of entrapment raised by the defendant to two of the four sales; and (2) that even if the testimony was irrelevant, its effect on the defendant was beneficial rather than prejudicial, "For in such event, the jury upon conviction would have necessarily found that the defendant not only violated the law but intended to violate the law."

We do not believe that either argument is meritorious.

The issue of entrapment was submitted to the jury at the request of the de-

---

1. The second sale was of 1,000 pills for $150.00, which occurred on January 12, 1967. The irrelevant testimony came in without objection when the Food and Drug Agent was discussing this sale. He was asked to relate his conversations with the defendant. He stated, "It was very brief. I took out $150.00 and handed it to her and I said, 'I sure do hate to part with this much money,' and she said, 'Well, that's the best that I can do. This is federal.'" On cross-examination, the defendant was asked whether she knew, as a matter of fact, that the sale of these

pills was illegal. Her answer was, "No, I did not know it was federal, no." She was then asked if she denied making the statement quoted above to the Government agent. She answered that she did not make the statement to him.

2. Such evidence might have been relevant to the issue of sentencing; but where, as in this case, the jury does not prescribe the punishment, such evidence is not relevant to their determination. People v. Adams, 25 Ill.2d 568, 185 N.E.2d 676 (1962) (en banc) (by implication).

fendant, and no objection was taken to the following instruction: " * * * When a person has no previous *intent* to violate the law but is induced or persuaded by law enforcement officers to commit a crime, she is entitled to a defense of unlawful entrapment because the law, as a matter of policy, prevents a conviction in such case." (Emphasis added.)

This instruction was proper, but the use of the word "intent" in it does not imply that the defendant's knowledge that the sale was a violation of law is relevant to the entrapment issue. One may know that it is a violation of federal law to sell "pep pills," but have no intention of selling them until persuaded and induced to do so by a law enforcement officer. Conversely, a person could be entrapped or induced by a law enforcement officer to commit this crime even if the person was never aware that his conduct was in violation of the law. It follows that testimony going to such knowledge is irrelevant in determining whether a defendant had "a previous intent to make a sale."

■ Nor can we agree with the Government that the defendant was benefited, rather than prejudiced, by the introduction of the testimony. For testimony of this type to be beneficial to the defendant, this Court would have to assume that the jury disregarded the trial court's instruction that it was not necessary to prove knowledge or intent on the part of the defendant and believed that knowledge and intent was a necessary element of the crime.

■ In our view, the evidence that the defendant knew that it was a violation of federal law to sell the "pep pills" was neither relevant to the issue of entrapment nor beneficial to the defendant. This is not to say, however, that it was prejudicial and that its admission is grounds for a reversal. Fed.R.Crim.P. 52(a). A substantial injury to the rights of the accused must appear before a judgment will be reversed for the erroneous admission of evidence. Lutwak

v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953); Cotton v. United States, 361 F.2d 673 (8th Cir. 1966); Myres v. United States, 174 F.2d 329 (8th Cir.), cert. denied, 338 U.S. 849, 70 S.Ct. 91, 94 L.Ed. 520 (1949); Barron, Federal Practice and Procedure, Vol. IV, § 2578 (1951); Model Code of Evidence, Rule 6 (1942).

The language of this Court in Thomas v. United States, 281 F.2d 132 (1960), is precisely applicable:

"* * * The burden is on the appellant to show both error and prejudice, Goldstein v. United States, 8 Cir., 63 F.2d 609, 614, and 'error which in a close case might call for a reversal may be disregarded as harmless where the evidence of guilt is strong.' Garner v. United States, 8 Cir., 277 F.2d 242, 245, citing Glasser v. United States, 315 U.S. 60, 67, 62 S.Ct. 457, 86 L.Ed. 680; Homan v. United States, 8 Cir., 279 F.2d 767, 773. This is not a close case."

Id. at 136. Lutwak v. United States, supra.

Four sales, involving 4,297 pills and $670.00 were made by the defendant over a period of eleven days. The defendant admitted to the first two sales, and testimony with respect to the latter two was clear and convincing. The FDA Agent substantiated his testimony with respect to them by reference to detailed notes as to the exact time and place of the sale. The "pep pills" were received in evidence, without objection, in their original wrappings and in their original bottles.

A further indication that this is not a close case as to guilt is established by the fact that the defendant does not challenge the sufficiency of the evidence.

■ Furthermore, we note that the introduction of the irrelevant evidence was not objected to on the grounds of relevancy. As the Court stated in Horton v. United States, 256 F.2d 138, 141 (6th Cir. 1958), proper and timely objection must be made to irrelevant testimony.

Affirmed.