**Wayne Hunter CARLTON, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 18837.**

United States Court of Appeals Eighth Circuit.

March 28, 1968.

Edward L. Garnett, of Barrs & Garnett, Tampa, Fla., for appellant.

William F. Sherman, Asst. U. S. Atty., Little Rock, Ark., for appellee; W. H. McClellan, U. S. Atty., Little Rock, Ark., on the brief.

Before BLACKMUN, GIBSON and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

Wayne Hunter Carlton appeals from a conviction of transporting or causing to be transported in interstate commerce, a falsely made and forged check from Little Rock, Arkansas, to Atlanta, Georgia, on November 14, 1964, in violation of 18 U.S.C. § 2314 (1964 ed.). He was sentenced to four years.

■■ The evidence presented at the trial was, in our view, sufficient to sustain the verdict [1] and was substantially as follows: The defendant negotiated a check in a Little Rock, Arkansas, store on November 14, 1964. It purported to be a check of the American Oil Company, payable to "Mr. T. F. Butler" and drawn on an Atlanta, Georgia, bank. The defendant purported to be the payee, stating that the check was his pay check. In fact, the oil company had no account with the drawee bank and the signature of the drawer was a forgery.

The defendant was identified, at trial, by the owner of the store who approved the check and by the salesman who waited on him.

On January 28, 1965, the police of Monroe, Louisiana, were informed that the defendant, who was wanted as a Florida parole violator, was registered at a local motel with his wife and a Mr. Freeman and a female companion. The two couples occupied adjoining rooms, 711 and 713; both of which were registered in the name of H. Hunter.

Assistant Police Chief Johnson went to the motel with another officer. He knocked on the door of room 713, and a female voice invited him in. Upon entering the room, he saw two women standing in 713, and saw the defendant enter 713 through the open door to the adjoining room, 711. He also noted some blank checks in an attaché case in 711. These checks were plainly visible, however, he did not examine them closely at that time. He placed the defendant under arrest, and took him to police headquarters.[2] There, the defendant signed a consent to search 713, and Freeman signed a consent to search 711.[3]

---

1. There can be no question that the sufficient intent was proved where, as in this case, the check was drawn on a bank in another state and thus would, of necessity, have to travel in interstate commerce. Hall v. United States, 372 F.2d 603 (8th Cir. 1967).

2. Officer Johnson had arrested Freeman in a department store parking lot immediately before going to the motel. The grounds for Freeman's arrest were vagrancy and suspicion of auto theft.

When arresting the defendant, Officer Johnson asked Mrs. Carlton and Freeman's female companion if they wished to accompany him to Headquarters. They accepted his invitation and were arrested for vagrancy upon arriving at Headquarters.

3. The defendant signed the following mimeographed consent form (Italicized portions indicate handwriting):

"This is to certify that I, *Wayne H. Carlton*, do hereby, and by these presents, consent that my premises located at Municipal Number *Rm. 713 Holliday Inn*, Monroe, Louisiana may be examined and searched by you, or any of your duly qualified and acting Deputies, and I do further waive the execution, presentation or service upon me of any warrant for search of the said premises, and you are further hereby authorized to seize, without further au-

About an hour and a half after the arrest, the Assistant Police Chief returned to the motel and searched both rooms. The clothing of the defendant and his wife was located solely in 713, and Freeman's in 711. However, a revolver and one other article of personal property belonging to the defendant and his wife were found in 711. He found and seized the blank checks which he had observed on his earlier visit and which were still in 711.

The prosecution called the Assistant Police Chief as a witness, and it was he who testified as to what took place in Monroe. The defendant objected to the officer's testimony in its entirety on the grounds that it was based on observations made during an illegal search and was too remote to be relevant. The defendant simultaneously objected to the introduction of the evidence seized in the search (the blank check) on the grounds that the search was not incidental to a lawful arrest and on further grounds that the defendant had consented to the search of 713 but not 711.

The trial court ruled that if, in fact, Freeman was the sole occupant of 711, then the consent that he signed gave the police proper authority to search that room. In the alternative, the court ruled that if the defendant and Freeman were co-occupants of 711, then the defendant's consent to search 713, which he also occupied, extended to 711.

■ We believe that the trial court properly determined the testimony of Officer Johnson, and the exhibits introduced through him, to be relevant. " * * * Only with reluctance will the Court of Appeals substitute its judgment for that of the trial judge * * *. The trial court's determination of legal relevancy must be considered an act of dis-

cretion not to be disturbed absent a clear showing of abuse. * * *" Cotton v. United States, 361 F.2d 673, 676 (8th Cir. 1966). The officer's testimony had "enough rational connection with the issue to be considered a factor contributing to an answer." United States v. Pugliese, 153 F.2d 497, 500 (2d Cir. 1945). It is not unreasonable to infer that the defendant's subsequent possession of identical checks was some indication that he may have passed the check for which he was charged. As in most cases, this conviction resulted "from the cumulation of bits of proof which, taken singly, would not be enough in the mind of a fair-minded person," but when taken together, justify the conviction. Ibid.

Halfen v. United States, 321 F.2d 556 (5th Cir. 1963), cert. denied, 376 U.S. 934, 84 S.Ct. 704, 11 L.Ed.2d 653 (1964), is closely in point. There, the Court upheld a conviction in which the government had introduced evidence that subsequent to the violation the defendant was charged with, he had passed or attempted to pass forged money orders in the same series. Notwithstanding the fact that the latter instances were crimes in and of themselves, the Court permitted the testimony.

■ We also believe that the trial court properly refused to suppress the evidence seized in the search. In reaching this conclusion, we do not determine the validity of the defendant's consent to the search. The law is clear that the evidence seized, pursuant to the search as authorized by Freeman, can be used against the defendant. This is true whether Freeman and his companion were the sole occupants of 711 or were joint occupants of it with the defendant and his wife.[4] Drummond v. United States, 350 F.2d 983 (8th Cir. 1965),

thority, any property found on said premises which may have been the subject of a theft, or otherwise involved in a felony."
Freeman's consent was not contained in the record of this case. The testimony indicated that it was identical in form to the one signed by the defendant.

4. The defendant was not present at the search of room 711, and did not expressly object to its search until trial. Compare, Tompkins v. Superior Court, 59 Cal.2d 65, 27 Cal.Rptr. 889, 378 P.2d 113 (1963); Dorsey v. State, 2 Md.App. 40, 232 A.2d 900 (1967).

cert. denied, 384 U.S. 944, 86 S.Ct. 1469, 16 L.Ed.2d 542 (1966); Reeves v. Warden, Maryland Penitentiary, 346 F.2d 915 (4th Cir. 1965); United States v. Sferas, 210 F.2d 69 (7th Cir.), cert. denied, 347 U.S. 935, 74 S.Ct. 630, 98 L.Ed. 1086 (1954); Driskill v. United States, 281 F. 146 (9th Cir. 1922); Dokes v. State, 241 Ark. 720, 409 S.W.2d 827, cert. denied, 389 U.S. 901, 88 S.Ct. 212, 19 L.Ed.2d 218 (1967); People v. Silva, 140 Cal.App.2d 791, 295 P.2d 942 (1956); People v. Walker, 34 Ill.2d 23, 213 N.E.2d 552 (1966); State v. Stuart, 415 S.W.2d 766 (Mo.Sup.1967); Van Wyck v. State, 56 Okl.Cr. 241, 37 P.2d 321 (1934); State v. Cairo, 74 R.I. 377, 66 A.2d 841 (1948); Shafer v. State, 219 Tenn. 416, 381 S.W.2d 254 (1964) (semble).

The defendant also objects to the introduction of evidence seized in the search of 711 on the grounds that the consents signed by him and Freeman were invalid because: (1) there was no evidence that either consent was voluntary or that either party was advised of his right to refuse consent;[5] (2) that the consents did not enumerate the items to be seized with the specificity that would have been required had the police sought a search warrant; and (3) that the evidence seized (the blank check) was "mere evidence" and thus not subject to seizure.[6]

These grounds were not explicitly or implicitly asserted at trial and cannot be asserted for the first time on appeal:

" * * * For the search and admissibility of the product of the search to be challenged on appeal, that challenge must be made in the first instance in the trial court. 'Fairness to that court and to counsel and to a reviewing court demands this. So do "fair procedural requirements" '. Robinson v. United States, 327 F.2d 618, 623 (8 Cir. 1964); Gendron v. United States, 295 F.2d 897 (8 Cir. 1961). * * *"

One 1961 Lincoln Continental Sedan v. United States, 360 F.2d 467 (8th Cir. 1966).

Affirmed.

---

5. See generally, Hall & Kamisar 1967 SUPPLEMENT to the Second Edition of MODERN CRIMINAL PROCEDURE, and BASIC CRIMINAL PROCEDURE, p. 8–9.

6. The defendant contends that the blank check is "mere evidence" as distinguished from an instrumentality and the Fourth Amendment prohibits the seizure of mere evidence. He cites: Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927); Gouled v. United States,

255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921); Takahashi v. United States, 143 F.2d 118 (9th Cir. 1944). First, we note that the defendant and Freeman could and did sign a consent broad enough on its face to encompass the seizure of mere evidence. Those consents would not be implicitly limited by the cases that the defendant cites, since the Supreme Court has overruled them. Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967) (advance sheet).