Roy WALKER *v.* STATE of Arkansas

5350                                429 S. W. 2d 121

Opinion delivered June 3, 1968
[Rehearing denied July 15, 1968.]

*Oliver L. Adams*, for appellant.

*Joe Purcell*, Attorney General; *Don Langston*, Asst. Atty. Gen., for appellee.

George Rose Smith, Justice. Roy Walker was convicted of involuntary manslaughter and sentenced to imprisonment for three years. According to the State's proof, Walker was driving a truck on a highway in or near Eureka Springs at such a high speed that he lost

control of the vehicle and struck and killed Otto Miller, a pedestrian. The information charged that Walker was intoxicated at the time. For reversal Walker contends that the court erred in allowing the prosecution to introduce evidence of a blood test that showed Walker to have been intoxicated.

After the accident Walker, who was injured, was taken by someone to a hospital in Eureka Springs, where he was treated as an outpatient. There Richard Stallman, a laboratory technician, took a sample of Walker's blood without having asked his permission and sent it to a pathologist in Fayetteville for analysis. The pathologist testified that the sample contained .140 percent of alcohol when taken and that the percentage would probably have been higher an hour earlier, when the accident occurred.

The appellant, citing *Schmerber* v. *California,* 384 U. S. 757 (1966), and other cases, insists that the taking of the blood sample amounted to such an unreasonable search and seizure as to be prohibited by the federal and state constitutions. It does not appear, however, that Stellman acted either at the direction of the police or by prearrangement with them. The search-and-seizure clauses are restraints upon the government and its agents, not upon private individuals. *People* v. *Potter,* Cal. App., 49 Cal. Rptr. 892 (1966); *State* v. *Brown,* Mo., 391 S. W. 2d 903 (1965); *State* v. *Olsen,* Ore., 317 P. 2d 938 (1957). Hence the proof does not establish a denial of Walker's constitutional rights.

Complaint is also made of the court's refusal to give an instruction informing the jury that the decedent was under a duty to keep a proper lookout. We doubt the applicability of such a civil standard to a criminal case, but in any event the point was not included in the motion for a new trial and so is not available to the appellant in this court. *Dokes* v. *State,* 241 Ark. 720, 409 S. W. 2d 827 (1966).

Affirmed.