**UNITED STATES of America,
Appellee,**

v.

**William Joseph McCARTHY, Appellant.**

**No. 24768.**

United States Court of Appeals,
Ninth Circuit.

Aug. 13, 1970.

Roland W. Coffey, Chula Vista, Cal., for appellant; Wm. Joseph McCarthy, pro se.

Harry D. Steward, U. S. Atty., Shelby R. Gott, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before MERRILL and KOELSCH, Circuit Judges, and BYRNE,* District Judge.

KOELSCH, Circuit Judge.

William Joseph McCarthy appeals from a judgment of the district court convicting him of smuggling marihuana into the United States from Mexico, as charged in a one count indictment. (21 U.S.C. 176a).

In the district court the only real issue was whether or not McCarthy knew of the presence of the some 35 pounds of marihuana, which Customs Inspector Gaudur discovered in McCarthy's automobile during the search of the vehicle at the border port of entry. The principal attention of the parties in the presentation of proof and in argument to the

* Honorable William M. Byrne, United States District Court, Los Angeles, California, sitting by designation.

jury, and of the court in its instructions, was devoted to that issue. At no time did McCarthy question the validity of the search, and attempt to have suppressed as illegally seized, the marihuana and any proof concerning it.

However, McCarthy now seeks to do so and to have this court declare that the remaining properly admitted evidence is insufficient to sustain the conviction.[1] We decline the invitation. "For the search and admissibility of the product of the search to be challenged on appeal, that challenge must be made in the first instance in the trial court. 'Fairness to that court and to counsel and to the reviewing court demands this.' So do 'fair procedural requirements'." Carlton v. United States, 391 F.2d 684 (8th Cir. 1968); see also, Darden v. United States, 405 F.2d 1054 (9th Cir. 1969).

McCarthy's remaining points are without merit:

■■■ Whether to postpone a trial on the grounds of physical distress of counsel is a matter ordinarily within the sound discretion of the trial court; on this record we cannot say the court was obliged to grant a continuance. Counsel represented he was suffering from a recent back injury and taking some medication to ease the pain. Nevertheless, the transcript indicates that counsel was mentally alert during the trial and was able to and did competently defend McCarthy. Mende v. United States, 282 F.2d 881 (9th Cir. 1960).

■■■ For some reason, not apparent to us, the government had marked for identification as Exhibit 3 a search report prepared by Inspector Chapman during the strip search of McCarthy following his arrest. Inspector Gaudur was allowed to testify, over objection, that the report indicated that McCarthy was tattooed and that he had no driver's license. Although such use of the report was error, the testimony based upon it could not possibly have prejudiced McCarthy.[2]

No reversible error appearing, the judgment is affirmed.

---

1. The argument is involved. McCarthy recognizes the right of a customs' inspector to make a border search of a person, etc. without an arrest or pursuant to a warrant. But he contends that this was not such a search. He argues that Inspector Gaudur had fully cleared him (and the vehicle) for entry and only thereafter decided to and did conduct the search; he asserts that Gaudur, after granting such clearance, "kept picking" at him and demanded to see his driver's license; that his license had previously been revoked and he was then on probation on a criminal sentence for dealing in marihuana, one of the conditions of probation being that he not drive a motor vehicle; that when he was forced to answer and to incriminate himself he became nervous, whereupon Gaudur, being unaware of his dilemma and thinking that his nervousness was due to the presence of contraband in the vehicle, belatedly conducted the search and then arrested him. Although, as we have indicated, it is not our province to resolve factual issues concerning the validity of a search, we think that the record in this case contains strong indications that McCarthy's basic premise is erroneous. Gaudur's testimony, when considered in its entirety, is persuasive that this was a border search and that McCarthy's nervousness preceded any questioning by Gaudur.

2. Customs Agent Spohr also testified, over objection, as to the value of the seized marihuana. The objection was on the sole ground of materiality and was, of course, not well taken. Current v. United States, 287 F.2d 268 (9th Cir. 1961). McCarthy now argues that the witness was not shown to be qualified as an expert. Counsel is simply mistaken. Spohr testified he had been a Customs Agent and a Border Patrol and Immigration Inspector for upward of 21 years and during that time had become familiar with the value of marihuana.