**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Warren Russell NEWTON, Defendant-Appellant.**

**No. 25660.**

United States Court of Appeals, Ninth Circuit.

May 11, 1971.

Harry D. Steward, U. S. Atty., Brian E. Michaels, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

James D. Boughey, of Dorr, Cooper & Hays, San Francisco, Cal., for defendant-appellant.

Before MERRILL, KOELSCH and WRIGHT, Circuit Judges.

PER CURIAM:

Following conviction by a jury in district court of two counts of smuggling 64 pounds of marijuana and concealment and facilitating the transportation of marijuana, 21 U.S.C. § 176a, Newton appeals. We affirm.

Appellant contends that the marijuana used in evidence against him was a product of an unlawful search. He did not move the trial court to suppress it, and we will not consider on appeal a point not raised in the trial court. United States v. McCarthy, 430 F.2d 1289 (9th Cir. 1970).

Also without merit is the contention that the evidence was insufficient to sustain a conviction under Count 2. Having observed Newton walking about one-quarter of a mile north of the Mexican-American border, government agents drew nearer and observed appellant carrying a bag. Newton disappeared and the officers pursued him. They found him attempting to hide behind bushes a short distance from the bag, which was found to contain marijuana. One officer traced appellant's tracks to a point 150 yards north of the border. This was a "border search." United States v. Markham, 440 F.2d 1119 (9th Cir. 1971). United States v. Weil, 432 F.2d 1320 (9th Cir. 1970).

Appellant's knowledge of illegal importation can be established by circumstantial evidence. United States v. Elder, 425 F.2d 1002 (9th Cir. 1970). The manner in which the marijuana was wrapped indicated to the customs agent that it had been imported from Mexico and it was seized near the border.

Under the concurrent sentences rule, we need not consider the validity of the conviction on Count 1. United States v. Jack, 435 F.2d 317 (9th Cir. 1970); United States v. Peterson, 435 F.2d 1313 (9th Cir. 1971).

Affirmed.