William Orbrie GAILES, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 54949.

Supreme Court of Missouri,
Division No. 1.

June 8, 1970.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

Leo C. De Voto, Jr., St. Louis, for movant-appellant.

HOLMAN, Judge.

On March 17, 1967, movant (hereinafter sometimes referred to as defendant) was convicted of illegal possession of a stimulant drug. See § 195.240.[1] The trial court, under the Second Offender Act, sentenced him to imprisonment for a term of six years. §§ 556.280 and 195.270. Upon appeal this court affirmed. State v. Gailes, Mo., 428 S.W.2d 555. Thereafter, defendant filed the instant motion under S.Ct. Rule 27.26 to set aside and vacate the judgment. After holding an evidentiary hearing the trial court overruled the motion and defendant has duly appealed. He has been represented by appointed counsel at every stage of the various proceedings mentioned.

The sole ground alleged by movant in his pro se motion is that "the movant was convicted upon 'evidence' which was illegally and unconstitutionally obtained, and therefore said evidence was inadmissible and should have been excluded because said evidence was the 'fruits' of a 'poisonous tree,' and as a consequence the movant was denied due process of law contrary to the 4th and 14th Amendments to the United States Constitution, and Article 1 Section 15, Article 1 Section 10 of the Missouri Constitution (1945)." The only case cited by him in the trial court and here is Wong Sun v. United States, 371 U.S. 471, 83 S. Ct. 407, 9 L.Ed.2d 441, which is a case ap-

---

1. Statutory references are to RSMo 1959, V.A.M.S.

plying the "fruits of unlawful arrest" doctrine. At the time of entering its judgment the trial court made a finding that "the issues presented by this motion were presented to and determined by the Supreme Court in Movant's appeal. * * * A motion under Supreme Court Rule 27.26 is not to be employed as a substitute for a second appeal. Issues disposed of by the appellate court on review of the original judgment will not be reviewed in a collateral attack by motion pursuant to Rule 27.26."

In view of the finding of the trial court we consider it advisable to quote the statement of facts contained in our opinion on the original appeal:

"At 11:15 p. m. Rose Rhodes and a man emerged from the three-story private residence building at 4229 Westminster in the City of St. Louis and walked onto an adjacent parking lot. The building had been under surveillance by St. Louis police officers for approximately one month. Officers Flynn and Lodl, who were parked west of the building, drove in the police car onto the lot and 'pulled up' to the man and woman as the latter reached the man's parked car. Officer Flynn observed the woman, hereinafter 'Rose,' drop a tinfoil packet to the ground and put another small tinfoil packet in her mouth. Officer Flynn picked up the tinfoil packet from the ground, arrested Rose for possession of narcotics, and advised her of her constitutional rights. He then handcuffed her and attempted to retrieve the object in her mouth. She resisted, kicked and fought, but finally spit it out and it was recovered by the officer. The officers did not then know that the white powder in the packets was a drug but from previous experience they suspected narcotics. A laboratory test the next day revealed that the powder was dextro-amphetamine-hydrochloride, a stimulant drug. Two more police officers, summoned for assistance, arrived on the scene. Officer Flynn placed Rose in the police car and asked her if she had any narcotics or stolen property in her house. She answered in the negative. The officer asked her if she 'would mind' if the officers 'went up and looked' and she said 'No.' The officers did not have a search warrant. The handcuffs were removed. Rose unlocked the front door of the house with her key and admitted Officers Flynn, Venz, and Feelson. Rose accompanied the officers to the second floor where her apartment was located. The door to the apartment was wide open. As the officers neared the door Officer Venz observed the defendant and another man standing in the apartment. Defendant had something in his hand. Not knowing then what the object was, Officer Venz drew his pistol. As Officer Venz entered the room he saw defendant drop from his right hand or throw to the floor a four-inch cylindrical container, red and white in color, with lettering on it. When it fell to the floor it rolled a foot or so from the place where defendant was standing. Officer Venz retrieved, opened, and found it to contain three aluminum foil packs. There was a white residue on the interior of the container. Officer Venz put the container in his pocket and placed defendant under arrest for the possession of narcotics. Laboratory tests showed that the white powder was the stimulant drug dextro-amphetamine-hydrochloride.

"The apartment was rented to Rose. She had given defendant a key. Defendant used the apartment from time to time with her permission. This was one of twelve apartments in the building." 28 S.W.2d 556, 557.

The defendant had filed a pretrial motion to suppress the container, and drugs found therein, which was heard and overruled by the trial court. Upon appeal we ruled that the court did not err in overruling said motion and in admitting the items in evidence. In so doing we said that "even though we assume that defendant had 'standing' to object to unauthorized entries into the apartment, the entry of these officers was not unauthorized but on the contrary was permitted and acquiesced in by Rose. As owner and possessor Rose had a right to admit the officers and defendant

(who was present with the permission of a person having a paramount possessory interest) is not entitled to assert that the entry of the police officers was unlawful. Rose's authority in the premises as tenant exceeded that of defendant, and 'certainly such person may authorize an entry onto the premises contrary to the wishes of another who has far less authority.' State v. Stuart, Mo.Sup., 415 S.W.2d 766, 768.

"Defendant's claim that the search was unlawful does not take into consideration the fact that the can of drugs was not discovered in some place of concealment as a result of a search of the premises, but was discovered in plain and open view of officers lawfully on the premises by invitation. State v. Jefferson, Mo.Sup., 391 S.W. 2d 885, l.c. 889 [8]. As the officers reached the second floor the door to the apartment was open. The officers observed defendant standing in the apartment with some article in his hand. As they entered the door the defendant dropped the article, a can, to the floor. The officers retrieved, opened, and found it to contain a white powdery substance. From their experience the officers reasonably suspected that it was a drug, a suspicion confirmed by laboratory analysis the next day. The container was not seized in the course of an unlawful search. 'Where the articles sought to be suppressed were in plain sight of the arresting officer, were dropped or thrown away by the person arrested, and were picked up by the officers, the articles are admissible in evidence over an objection that they were seized as the result of an unlawful search.' State v. Jefferson, supra." 428 S.W.2d 558.

The contention of defendant upon appeal in this 27.26 proceeding is that "his eventual arrest resulted from the illegal and unconstitutional arrest of Rose Rhodes and that because her arrest was unlawful, the events which took place following that arrest should have been excluded under the primary taint rule as set forth in Wong Sun v. United States." He says that the trial court erred in not ruling the merits of that contention. As stated, the trial court had the view that the issue had been disposed of by this court in deciding the original appeal.

■ We agree with the trial court that the *issue* presented has been heretofore decided by this court and that defendant is not entitled to a second decision or review of that issue. As we view the situation the issue in the original trial and appeal, and in this 27.26 proceeding, is the same, i. e., should the motion to suppress have been sustained and the evidence excluded because it was obtained as a result of an unreasonable search in violation of defendant's rights under Amendment IV, U.S. Const., and substantially the same provision in Art. I, § 15, Mo.Const.1945. What defendant is raising in the motion before us is an additional reason, supported by a case he failed to cite on the original appeal, as to why that *issue* should have been decided in his favor.

■ It is our view that where an issue is raised and decided on direct appeal the defendant cannot obtain another review thereof in a 27.26 proceeding. And that is true even though he may have a new citation to offer, or a somewhat different theory for seeking a favorable decision. Subsection (b) (3) of Rule 27.26 provides that "[a] proceeding under this Rule ordinarily cannot be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal." It will be noted that the rule provides that errors affecting constitutional rights may be raised even though such could have been raised on appeal. The purpose of that provision is to provide a review of constitutional issues where such were not reviewed on appeal. While we think the conclusion we have reached is clear, from the quoted provision itself, it is also supported, by analogy, by the provision in

subsec. (d) that "[t]he sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application * * *." Our ruling is also supported by the decisions in Crawford v. State, Mo.Sup., 436 S.W.2d 632, State v. Adams, Mo.Sup., 403 S.W.2d 604 [1], State v. Durham, Mo.Sup., 386 S.W.2d 360 [3], and State v. Shell, Mo.Sup., 299 S.W.2d 465 [6].

If issues, apparently finally decided, may be reopened and reviewed simply because a litigant has an additional citation to offer or a different theory to suggest there would never be an end to litigation. The constitutional rights of defendant were fully protected when the issue presented was reviewed by this court on the original appeal.

The judgment is affirmed.

SEILER, P. J., and BARDGETT, J., and ROGERS, Special J., concur.