**STATE of Missouri, Respondent,**

**v.**

**Robert J. WALKER, Appellant.**

**No. KCD26055.**

Missouri Court of Appeals,
Kansas City District.

Jan. 19, 1973.

Robert L. Rodarte, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, C. J., and DIXON and CROSS, JJ.

DIXON, Judge.

Defendant appeals from a sentence of four years imposed by a jury upon conviction for possession of heroin.

A motorcycle patrolman observed the defendant and a female passenger in a motor vehicle exceeding the speed limit. The vehicle was followed four or five blocks and stopped by the officer. On a routine radio inquiry the officer discovered the li-

cense plate on the vehicle was reported to be a stolen plate. The defendant was directed to get out of the car and the officer observed an automatic pistol on the front seat of the car. Another officer arrived pursuant to a previously given request for assistance by the traffic officer. The female passenger was then requested to vacate the vehicle and she did so carrying her purse and an army fatigue jacket. She was requested to drop the jacket to the ground and it, as well as her purse, was searched. The jacket had a syringe in one pocket and an envelope containing capsules. These capsules were subsequently determined to contain heroin in some and cocaine. Defendant admitted the jacket and gun were his, subsequent to a warning concerning his rights. These facts were established by testimony before the jury and the defendant does not contest the sufficiency of the evidence to sustain the conviction.

■ Defendant has raised two points in his brief. The first is a complaint that the search was invalid. Defendant has asserted general principles, relating to warrantless search, drawn from leading cases such as Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564; Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 and Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. No extended review of these cases is necessary and no question of improper invasion of constitutional rights exists in this case. The officer made a proper apprehension of the defendant upon pacing his vehicle exceeding the speed limit. The discovery of the fact the license plate was stolen and the automatic pistol in plain view justified the officer's search of the vehicle, its occupants and their effects. State v. Hohensee, 473 S.W.2d 379 l. c. 381 (Mo.Sup.1971); State v. McCarthy, 452 S.W.2d 211 l. c. 215, 216 (Mo.Sup.1970).

■ Defendant asserts that prejudicial error occurred when the State was permitted to place in evidence the gun, the hypo-dermic syringe, the cocaine capsules and the stolen license plates. The claim is that these paraded other offenses before the jury solely for purposes of prejudice.

Considering the manner in which this evidence was admitted and the use made by the State of the prejudicial effect of the evidence in the final argument, the defendant's position must be sustained.

Before the opening statement by the prosecutor, the defense sought to limit or exclude evidence concerning the weapon. The court overruled the defendant's objection. The prosecutor in his opening statement then related the speeding offense, the stolen plates, the pistol and the presence of the offending drugs and syringe. Defendant made objection and unavailing motion for mistrial at this time. The traffic officer was then offered as a witness and the facts of the gun, the stolen license plate and the speeding were thoroughly covered. The trial court's expressed view that the jury was entitled to the "whole picture" might sustain the admission of the evidence on the theory that when several offenses are so commingled that evidence of one inevitably demonstrates another. State v. Robb, 439 S.W.2d 510 (Mo.Sup.1969), cf. State v. Tillman, 454 S.W.2d 923 (Mo.Sup. 1970). The State, however, was not content with the facts then in evidence but utilized the gun in what can only be characterized as a flagrant attempt to insert prejudice in the case. The effect of this effort can only be adequately demonstrated by verbatim excerpts from the transcript.

"Q  Oh, incidently, was that gun loaded or empty?

A  It was loaded. It had seven live rounds.

\*      \*      \*      \*      \*      \*

"Q  (By Mr. Stigall) Now, what did you do with this gun that was found?

A  It was taken to the vice unit and put in the property room.

Q  All right. And at my request did you bring that with you today?

A  Yes, sir, I did.

Q  It is empty?

A  Yes, sir, it is.

Q  And these are—I'm referring now to the gun and there is a package, I notice, attached to it. What does that contain?

A  That's the ammunition that was in the gun.

MR. STIGALL: Would you mark this please.

(STATE'S EXHIBIT NO. 1 MARKED FOR IDENTIFICATION.)

Q  (By Mr. Stigall) Officer, would you check the gun and make sure that it is empty.

A  Yes, sir, it is.

Q  Now I want to hand you what has been marked State's Exhibit 1 and ask you if you can identify that?

A  Yes, sir, I can.

Q  And what is that?

A  This is a .380 automatic revolver.

Q  And are you—can you state whether or not that was the—do we call it an automatic pistol, gun or—

A  It's an automatic pistol.

Q  Can you tell this Court and jury whether or not that was the pistol that was found in the defendant's automobile?

A  Yes, sir, it was.

MR. RODARTE: Your Honor, I am going to object to all of this testimony concerning this weapon and what was found. It doesn't have anything at all to do with possession of heroin. I don't think that this gun is being shown to this jury for any other reason but to prejudice them against this defendant and to deprive him of having a fair and impartial trial.

I'm going to ask that all of this testimony be stricken. That this jury be discharged for the reason that they have had an opportunity to see all of these things and hear all of this testimony, not to determine whether or not there was any heroin or drugs in his possession but only to prejudice them, to show that he had a gun or allegedly had a gun in his possession, and it has nothing at all to do with the issues or the evidence in this case.

THE COURT: The objection is overruled and the motion is overruled.

MR. STIGALL: At this time, Your Honor, I would like to offer into evidence State's Exhibit 1.

MR. RODARTE: The defendant, of course, objects, for the reasons previously stated.

THE COURT: The objection is overruled. State's Exhibit 1 is admitted in evidence.

(STATE'S EXHIBIT 1 RECEIVED IN EVIDENCE.)

*    *    *    *    *    *

"Q  And what is that?

A  It's a medical syringe that was taken out of the jacket.

MR. STIGALL: At this time, Your Honor, I would like to offer into evidence State's Exhibit 4.

MR. RODARTE: Defendant objects, Your Honor, for the reason it is not material, relevant to any issue in this case.

THE COURT: Which objection is overruled. State's Exhibit 4 is admitted in evidence.

*    *    *    *    *    *

(STATE'S EXHIBIT NO. 8 MARKED FOR IDENTIFICATION.)

"Q  (By Mr. Stigall) Officer, I'm going to hand you what has been marked State's Exhibit 8 and were those the

plates that were on that car when you arrived there?

A Yes, sir, this is the plate.

Q And would you tell us whether or not you observed them being taken off?

A Yes, I did. I saw Officer Harmon take them off, the motorcycle officer who was at the scene.

MR. STIGALL: All right. At this time, Your Honor, I would like to offer in evidence State's Exhibit 8.

MR. RODARTE: To which the defendant objects, Your Honor, for the reason it has no probative value in this case.

THE COURT: The objection is overruled. State's Exhibit 8 is admitted in evidence.

(STATE'S EXHIBIT NO. 8 RECEIVED IN EVIDENCE.)"

In his opening argument to the jury the prosecutor took full advantage of the prejudicial effect of evidence of other offenses.

"You saw the pistol, it's in evidence. And not only a pistol, but that's a loaded pistol. All of you know the consequences that could arise just from that alone."

Then in closing argument, three separate references were made to the other offenses:

"First of all, why was he out speedin the broad afternoon on one of our thoroughfares? Why was he driving an automobile with stolen license plates? Why did he have a gun in there, a loaded weapon? Why was he out there with some young girl that afternoon? Why did he have a jacket full of drugs? Why did he have heroin? Why did he have a syringe? Why was all that there?

\* \* \* \* \* \*

"We don't want speeding automobiles and guns in cars and stolen plates, heroin,

syringes, we don't want that, and this is your opportunity.

\* \* \* \* \* \*

"I think this is a serious crime, one of the most serious and apparent in our society today—

THE COURT: Two minutes, counsel.

MR. STIGALL: Thank you, Your Honor.

(Continuing)—is drugs, and this is not only drugs, the little stuff, this is the hard stuff. This is the syringe you read about. This is the heroin you hear about. These are the guns that's being carried around here, and it's loaded."

The State's contention here is that the evidence was related to the charge, was not unduly emphasized and did not prejudice the defendant. The principal authorities relied on are State v. Robb, supra, and State v. Sinovich, 329 Mo. 909, 46 S.W.2d 877 (1931). These cases might support the original incidental admission of the evidence of the gun, the license plates and the speeding offense. They are not authority for the repeated references to that evidence demonstrated above, nor do they support the use of the improper evidence in the argument. No attempt is made to show the evidence was admissible under the exceptions permitting such use. State v. Tillman, supra.

█ The State argues that since the prosecutor asked for ten years and the jury gave four, the error, if any, was not prejudicial. The court's instruction on punishment permitted imposition of a sentence as low as six months in jail. Measured by the available sentencing alternatives, the prejudicial effect of the State's action is more readily apparent.

Speculation on the prejudicial effect of this course of conduct by the State is not required. The reasons impelling the rule of exclusion of such evidence are rooted

**336**

in common law concepts that such evidence is inherently prejudicial. Trials of defendants for alleged violations should rest on a sound premise of fairness. Rationalizations of non-prejudice have the ultimate effect of dilution of the rules of exclusion to mere lip service. The evidence, found objectionable here, was not accidentally or inadvertently admitted. It was a calculated effort to parade it before the jury and its prejudicial nature was fully utilized in the argument. Such action requires reversal. State v. Holbert, 416 S.W.2d 129 (Mo.Sup. 1967).

The cause is reversed and remanded.

All concur.