**STATE of Missouri, Respondent,**

v.

**Darrell Gene RANDALL, Appellant.**

**No. KCD 27233.**

Missouri Court of Appeals, Kansas City District.

Nov. 3, 1975.

Motion for Rehearing and/or Transfer Denied Dec. 8, 1975.

---

Gerald M. Handley, Public Defender, Robert A. Simons, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

Defendant appeals a jury-imposed sentence of ten years for the sale of hashish.

Defendant raises two issues. The first is that the trial court erred in refusing to permit the closing argument to be divided between defendant, who chose to represent himself, and a lawyer acting upon appointment to counsel and advise defendant but not permitted by local rule to speak for the record. The second issue attacks the propriety of a trial court ruling permitting in evidence the testimony of a police officer that he had observed "packets" and a "suitcase" at the time of the sale which defendant asserted contained marijuana. The judgment is affirmed.

Defendant does not question the sufficiency of the evidence to sustain the conviction, and a very short statement of facts as to the basic elements of the offense shown in the evidence will suffice to place in focus the issues on this appeal. Defendant was the religious leader of the Aquarian Brotherhood Church and lived at premises which were utilized also as the church premises. A police officer went to the address and purchased an ounce of hashish. After that purchase was made, the officer tested the substance, and he returned to the defendant's premises complaining of the quality of the hashish purchased, and the defendant readily exchanged the first substance for a second. In the course of that second exchange, the defendant insisted upon showing the officer how he prepared the hashish from marijuana and took the officer from the floor where the original and second exchanges were made to another floor of the premises where the defendant directed the officer's attention to some packets and a suitcase which the defendant said contained marijuana from which he was making the hashish.

In due course, the case came on for trial, and the defendant requested permission to act as his own counsel. The court held an extensive hearing concerning the capacity of the defendant to conduct his own defense, including the testimony of the psychiatrist and the testimony of the attorneys previously appointed to defend him. During the course of that testimony, the defendant was questioned extensively, both by Mr. Simons who had been acting as his appointed counsel, and the assistant prosecutor trying the case, with respect to his understanding that if the defendant acted as his own counsel he might very well not preserve properly some matters which a trained attorney might preserve with respect to a claim of error or that the defendant might fail to properly object to testimony because of his lack of legal knowledge. The court also cautioned him that he would be required to abide by the rules of the court and that in the event he failed to do

so, Mr. Simons would be called upon to conduct the defense. At the conclusion of that testimony, the court held that the defendant was competent to undertake his own defense and that he would permit him to do so. It appears in the colloquy between the appointed counsel and the court that the attention of the defendant was called to the fact that the court would permit only one person to conduct the defense and that if the defendant elected to serve as his own counsel, appointed counsel would not be able to make objections and examine witnesses concurrently with him. The defendant indicated his acquiescence in that procedure, and the then-appointed counsel, apparently at the request of the court, remained to advise and consult with the defendant during the trial.

■ The defendant's first claim of error on this appeal is based upon the assertion in the motion for new trial that the trial court erred in refusing to permit Mr. Simons to offer a closing argument to the jury in addition to that offered by the defendant himself, thereby depriving the defendant of the adequate assistance of counsel.

That claim of error is simply not sustainable on the record presented, for it is clear that the defendant fully understood he was waiving his right to counsel, and it is clear from the examination of the defendant and his attorneys and the colloquy between the defendant, his then-counsel, Mr. Simons, and the court, that the defendant knowingly and intelligently waived the right to have *any* counsel. He cannot now claim, after having requested the right to appear pro se, that he was denied the right to adequate representation. To hold otherwise would make a mockery of the entire proceedings. If, as defendant concedes, he has a right to act pro se and he chooses to exercise that right and waive his right to counsel, he cannot now change positions and claim he was denied counsel by the action of the trial court in refusing to permit counsel to argue in addition to the argument presented by the defendant himself.

■ True, the trial court permitted Mr. Simons to remain in court and advise the defendant. That advice and assistance was, in fact, utilized. The trial court properly limited the extent of that advice and assistance to the exact boundary of participation by counsel that the court and the attorneys had advised the defendant was permitted under the local practice if he chose to represent himself.

■ Trial courts, confronted with the dilemma of untrained persons acting pro se, certainly have the inherent power to require appointed counsel to remain and act in a passive role. As a practical matter, this requirement may permit the continuation of the trial and the avoidance of a mistrial if the defendant fails or refuses to continue in his pro se defense. The discretionary action of the trial court in appointing such "stand-by counsel" in the interest of the administration of justice cannot be converted to a claim of error on the basis of inadequate representation.

■ Moreover, it is clear from the record that the denial of the request of Mr. Simons to argue was not properly preserved. When Mr. Simons first requested additional time in chambers, the defendant was not present. Mr. Simons made the request for additional time at the request of the *defendant*. Mr. Simons then asserted a *personal* desire to argue on behalf of the defendant. The defendant was not present, and Mr. Simons made no representation that the request for his participation in the argument was at the instance of the defendant. In fact, the transcript demonstrates that Mr. Simons was making the request out of his own awareness of the nature of the argument the defendant would make concerning his religious beliefs and Mr. Simons' belief the defendant would not adequately cover the facts and instructions. After that conference in chambers at which the defendant was not present, the court, at Mr. Simons' urging, then inquired of the defendant himself with respect to the request for additional time. The court then granted additional time for an argument beyond the period normally allotted for cases of this kind under the local practice, and no request was made by the defendant for Mr. Simons to utilize a portion of that allotted time, and so far as the record appears, the defendant, in fact, used all of the time available for argument in his own extended discussion of what he conceived to be the issues in the case. Defendant's counsel is not to be criticized for making the request of the court, but to assert error on the basis of the court's refusal, requires more record than was made in this instance. In the argument portion of his brief under this point, counsel diligently seeks to broaden the base of the objection stated in the motion for new trial to include a claim of denial of due process which is not within the issue framed on the motion for new trial, was never presented to the trial court and is totally without merit.

The State has presented a variety of authorities dealing with the issue of the right to counsel and the right to act pro se, as well as the discussion addressed to the question of due process raised in the appellant's brief. A discussion of those cases cited by the State is unnecessary; the point briefed by defendant is without any citation of authority other than *McBride v. State,* 484 S.W.2d 480 (Mo.1972), which as defendant indicates holds that the right to counsel may be knowingly and intelligently waived by defendant. The point is without merit and is denied.

■ Defendant's second issue has no more merit than the first. Defendant's argument is that the police officer's testimony to the effect that the defendant took him to the attic area and told him of the presence of marijuana and the equipment for processing it to hashish constituted evidence of another separate crime improperly shown in evidence.

Defendant relies on *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304 (banc 1954); *State v. Garrison,* 342 Mo. 453, 116 S.W.2d 23 (1938); *State v. Holbert,* 416 S.W.2d 129

(Mo.1967); *State v. McLarty,* 467 S.W.2d 58 (Mo.1971); and *State v. Lee,* 486 S.W.2d 412 (Mo.1972). *Reese, Garrison, Holbert* and *Lee* hold as defendant indicates that the admission in evidence on the trial of a defendant of *unrelated* additional crimes is reversible error. *McLarty* holds no prejudice occurred as a result of evidence as to items missing from the automobile defendant was operating without the consent of the owner. Certain exceptions to the general rule have developed, and these have been set forth in cases such as *Reese,* supra. The rule of exclusion of such evidence rests on the premise stated in *Reese,* 274 S.W.2d, l.c. 307, relying *State v. Lyle,* 125 S.C. 406, 118 S.E. 803, 807 (1923), that the "inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors. Hence, if the court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, *that is, its logical relevancy,* the accused should be given the benefit of the doubt, and the evidence should be rejected." (Emphasis added.) The exceptions carved out are no more than judicially recognized areas of such "logical relevancy." The statement in terms of "exceptions" obscures rather than clarifies the inquiry that must be made in each case where such evidence is questioned.

When examined in this light, the evidence here questioned is admissible. This is because the charge of sale of the hashish necessarily involved as a prerequisite the defendant's knowledge that the substance sold was, in fact, hashish. *State v. Polk,* 529 S.W.2d 490 (Mo.App.1975). The defendant's insistence on disclosing the manner and ingredients of its manufacture clearly was "logically relevant" on the issue of the defendant's knowledge of the nature of the substance. This instant case is, on its facts, very closely akin to two recent cases, *State v. McClure,* 504 S.W.2d 664 (Mo.App.1974), and *State v. Tilcock,* 522 S.W.2d 60 (Mo. App.1975); and they control, both holding as they do that such evidence, logically relevant, is admissible.

Defendant, apparently recognizing the admissibility of the evidence, seeks to draw from *State v. Walker,* 490 S.W.2d 332 (Mo. App.1973), and *State v. Hudson,* 478 S.W.2d 281 (Mo.1972), a principle that even when otherwise admissible the trial court has an obligation to weigh the advantage of necessity to the State against the inherent prejudice. *Walker* announces no such principle, holding only that the argument and use of demonstrative evidence was improper, and *Hudson* presents no such issue, nor even any language remotely suggesting such an issue.

The judgment and conviction are affirmed.

All concur.