Rudolph HUDSON, Movant,

v.

STATE of Missouri, Respondent.

No. 42151.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 23, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 13, 1981.

Kenneth R. Singer, St. Louis, for movant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Lew A. Kollias, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

---

1. Both sections were repealed by laws of Missouri 1977, p. 662.

WEIER, Judge.

Movant Rudolph Hudson appeals from a denial of his motion for post-conviction relief under Rule 27.26. In this motion he sought to vacate the judgment of conviction entered against him for attempted robbery with a dangerous and deadly weapon under which he received a sentence of fifteen years and a conviction of assault with intent to kill with malice aforethought under which he received a sentence of forty years. A direct appeal in that case was considered in *State v. Hudson*, 508 S.W.2d 707 (Mo. App.1974).

On this appeal movant charges the trial court with error in denying the motion for post-conviction relief because it imposed a penalty in excess of that authorized by law on the conviction of assault with intent to kill. Appellant contends that he was found guilty of assault with intent to kill with malice, a violation of § 559.190, RSMo 1969, and not assault with intent to kill with malice aforethought, a violation of § 559.180, RSMo 1969.[1] Hence he argues he should have been sentenced to not more than five years which was the maximum punishment for assault under § 559.190 and the judgment and sentence should be set aside because it is clearly excessive and erroneous.

Movant was tried under an indictment that alleges he "on the 5th day of November 1971, feloniously, willfully, on purpose, and of his malice aforethought did make an assault upon PERCY WATERS, with a certain weapon, to-wit: a pistol, a means likely to produce death or great bodily harm, and did then and there shoot at, against and upon the said PERCY WATERS, with the intent then and there to kill the said PERCY WATERS: contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State." To this charge defendant pleaded not guilty. The trial was then held to a jury and at the conclusion of the evidence, the following instruction was given by the court with reference to this charge:

"WITH REFERENCE TO COUNT II: The Court instructs the jury that if you find and believe from the evidence, beyond a reasonable doubt, that on the 5th day of November 1971, at the City of St. Louis, State of Missouri, the defendant Rudolph Hudson, feloniously and willfully, on purpose and of his malice aforethought, did make an assault upon one Percy Waters, with a certain weapon, to-wit: a pistol, a means likely to produce death or great bodily harm, and did then and there shoot at, against and upon the said Percy Waters, with the intent then and there to kill the said Percy Waters, then you will find the defendant guilty of Assault With Intent to Kill With Malice; and if you do not find, beyond a reasonable doubt, each and all of the facts submitted to you for your finding as set forth in this instruction, then you will find the defendant not guilty and acquit him.

"The term 'assault' means an unlawful attempt, by force or violence, to do bodily hurt to another, under such circumstances as denote an intention to do it, and a present ability to effectuate such intention.

"The term 'aforethought' means thought of beforehand, for a length of time, however short.

"The term 'feloniously' means wickedly and against the admonition of the law.

"The words 'willfully' and 'on purpose' mean intentionally and not by accident."

After deliberation, the jury returned this verdict: "We, the jury in the above entitled cause, find the defendant guilty of Assault With Intent To Kill With Malice as charged."

Movant maintains the instruction and the verdict of the jury were so worded that defendant's conviction could only stand as to the crime of assault with intent to kill with malice rather than with malice aforethought. An examination of the indictment, heretofore set out, discloses that he was charged with assault with intent to kill with malice aforethought. The instruction requires that the jury find that movant on November 5, 1971, "of his malice aforethought" did make an assault. It is true that the instruction hereinabove set out refers to the crime as assault with intent to kill with malice. But the instruction hypothesizes and requires a finding of assault with intent to kill with malice aforethought. The term "aforethought" is defined in the instruction and there was no instruction with regard to the crime of assault with intent to kill with malice that could cause the jury any confusion. The verdict furthermore finds movant guilty of assault with intent to kill with malice "as charged." He was charged with assault with intent to kill with malice aforethought.

Movant relies on the opinion in *Hardnett v. Stone*, 564 S.W.2d 852 (Mo. banc 1978). There a guilty plea to an indictment charged assault with intent to maim with malice. The judgment stated that movant pleaded guilty to assault with intent to maim with malice. Here, however, as in *Williams v. State*, 608 S.W.2d 469 (Mo.App. 1980), movant was tried and convicted by a jury of the crime as charged. The indictment charged movant with assault with intent to kill with malice aforethought. The instruction required the jury to find movant guilty of assault with malice aforethought and defined that term. The verdict form submitted to and adopted by the jury required the jury to find the defendant guilty of assault with intent to kill with malice as charged. Under these facts we believe it is obvious that movant was charged and convicted of violating § 559.180, RSMo 1969.

■ For his second point relied on, movant contends that his fifteen year sentence for attempted robbery was beyond the statutory maximum of ten years under § 556.150(2), RSMo 1969. This statute provided that if the offense attempted carried a maximum punishment of life imprisonment, an attempt to commit the offense was punishable by a term of two to ten years in the penitentiary. The statute that was then in effect dealing with first degree robbery was § 560.135, RSMo 1969. That statute

stated that anyone convicted of robbery in the first degree could suffer death or "imprisonment in the penitentiary for not less than five years." Prior to appellant's trial, the opinion in *State v. Granberry*, 484 S.W.2d 295 (Mo. banc 1972) invalidated the use of the death penalty in Missouri. The only punishment provision then remaining in § 560.135, *supra*, was imprisonment in the penitentiary for not less than five years. Thereafter no maximum punishment remained in the statute. Subsection (3) of § 556.150, *supra*, provided that where no maximum punishment be prescribed, the person so convicted could be punished by imprisonment for as long a time as the jury or court assessing the punishment deemed proper to impose. A contention identical to the one at issue was raised in *Jenkins v. State*, 545 S.W.2d 675 (Mo.App.1976) and the court denied the contention stating that since the statute provided a minimum of five years imprisonment but no maximum number of years, the fifteen year sentence was permissible. This contention must be denied.

Movant next contends that he was denied effective assistance of counsel because his trial attorney failed to object to the court's verdict-directing instructions which included both the elements of assault with malice and assault with malice aforethought thereby misinstructing the jury. We have previously dealt with this instruction and have found that it actually instructed the jury with regard to the crime of assault with malice aforethought. The movant, however, submits that the court did not make specific findings of fact and conclusions of law on the charge of ineffective assistance of counsel and therefore the court erred. But the trial court did find that appellant was properly convicted of assault with intent to kill with malice aforethought and this in itself was a ruling upon the question of whether counsel should have objected to the instruction. In the recent case of *Jones v. State*, 604 S.W.2d 607, 609[4] (Mo.App. 1980) it was stated: "There is no need to remand for further findings and conclusions if those that appear in the record are sufficient for this court to make a determination as to the correctness of the trial court's action."

 In addition, failure to object to an instruction is at best a mere trial error. *O'Neal v. State*, 486 S.W.2d 206, 207 (Mo. 1972). And a trial error cannot be raised in a Rule 27.26 proceeding. *Stewart v. State*, 578 S.W.2d 57, 59[6, 7] (Mo.App.1978). The trial court is not required to make specific findings and conclusions concerning allegations not cognizable in a 27.26 proceeding. *Haynes v. State*, 561 S.W.2d 450, 451[2] (Mo.App.1978).

The judgment of the trial court is affirmed.

PUDLOWSKI, P. J., and GUNN, J., concur.