George C. GILMORE,
Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. 52683.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 13, 1987.

Motion for Rehearing and/or Transfer
Denied Nov. 18, 1987.

Robert C. Wolfrum, Asst. Public Defender, St. Charles, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm in part and reverse and remand in part.

Movant was convicted by a jury of two counts of capital murder and was sentenced to death on each count. The Supreme Court affirmed the conviction in *State v. Gilmore*, 697 S.W.2d 172 (Mo. banc 1985), *cert. denied*, 476 U.S. 1178, 106 S.Ct. 2906, 90 L.Ed.2d 992 (1986). Movant filed a pro se Rule 27.26 motion. His ap-

pointed counsel filed an amended motion on movant's behalf. Any reference to the motion herein refers to the amended motion.

The facts of this case have been well-documented by our courts. *See: State v. Gilmore*, 650 S.W.2d 627 (Mo. banc 1985); *State v. Gilmore*, 697 S.W.2d 172 (Mo. banc 1985), *cert. denied*, 476 U.S. 1178, 106 S.Ct. 2906, 90 L.Ed.2d 992 (1986); *State v. Laws*, 661 S.W.2d 526 (Mo. banc 1983), *cert. denied*, 467 U.S. 1210, 104 S.Ct. 2401, 81 L.Ed.2d 357 (1984); and, *Laws v. State*, 708 S.W.2d 182 (Mo.App.1986). In fact, movant and Leonard Laws have made full use of the court system. *See: State v. Gilmore*, 661 S.W.2d 519 (Mo. banc 1983), *cert. denied*, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984); *Gilmore v. State*, 712 S.W.2d 438 (Mo.App.1986); *State v. Gilmore*, 681 S.W.2d 934 (Mo. banc 1984); *Gilmore v. Missouri*, 464 U.S. 1306, 104 S.Ct. 567, 78 L.Ed.2d 538 (Blackmun, Circuit Justice 1984) (granting stay of execution); *State v. Laws*, 668 S.W.2d 234 (Mo. App.1984); *State v. Laws*, 699 S.W.2d 102 (Mo.App.1985); *Laws v. Missouri*, 464 U.S. 1306, 104 S.Ct. 567, 78 L.Ed.2d 538 (Blackmun, Circuit Justice 1984) (granting stay of execution); *Laws v. O'Brien*, 718 S.W.2d 615 (Mo.App.1986) (legal malpractice case). As such, we will discuss the facts as the need arises in the course of the opinion.

Movant raises two points on appeal: (1) the *motion court* failed to make findings of fact and conclusions of law on all of the issues presented in his Rule 27.26 motion as required by Rule 27.26(i); and, (2) the motion court erred in denying movant an evidentiary hearing pursuant to Rule 27.-26(e) because the allegations raised in his Rule 27.26 motion were not conclusively refuted by the record.

We note at the outset that our review is limited to determining whether the conclusions and the judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo. App.1986). Furthermore, the motion court's conclusions are clearly erroneous if a review of the entire record leaves us with a definite and firm impression that a mis-

take has been made. *Richardson*, 719 S.W.2d at 915.

■ Rule 27.26(i) provides that the motion court shall make findings of fact and conclusions of law on all issues presented. *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978). Where the findings of fact and conclusions of law sufficiently cover all points as to permit meaningful appellate review of the motion court's judgment, they are sufficiently specific. *Leigh v. State*, 673 S.W.2d 788, 790 (Mo.App.1984).

■ Further, to be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must: (1) allege facts, not conclusions, warranting relief; (2) the facts must raise matters which are not refuted by the record; and, (3) the matters complained of must have resulted in prejudice to the movant. *Chapman v. State*, 720 S.W.2d 17, 18 (Mo.App.1986).

Movant's Rule 27.26 motion consists of eight (8) parts. Part 1 sets forth eight (a to h) allegations of ineffective assistance of counsel. Part 2 sets forth four (a to d) allegations of essentially trial court error. Parts 3 and 4 contain allegations regarding the imposition of the death penalty. The allegation contained in Part 5 contends that Rule 30.30 is unconstitutional in that the execution date of July 22, 1986, was allowed to pass and a second date was later set. Part 6 contains allegations of trial court error and ineffective assistance of counsel surrounding the refusal to give an instruction. The allegation contained in Part 7 involves the trial court's refusal to allow a psychiatrist to aid movant. Part 8 incorporates by reference all of the allegations raised in movant's pro se motion. We will proceed allegation by allegation and address the following: (1) whether the motion court made sufficient findings of fact and conclusions of law to enable meaningful appellate review; and (2) whether such allegation is refuted by the record.

Movant's first allegation, number 1(a), is specifically addressed in the motion court's Finding of Fact number 14. The motion court properly cites to a portion of the trial transcript which clearly refutes the allegation. We find the motion court's conclu-sion is not clearly erroneous in regards to allegation number 1(a). *See: Richardson, supra.*

■ Allegation number 1(b) is not specifically mentioned anywhere in the Findings of Fact and Conclusions of Law of the motion court. Findings and conclusions cannot be supplied by implication from the motion court's ruling. *Fields v. State*, 572 S.W.2d at 483. The motion court should make specific findings and conclusions as to allegation number 1(b).

■ The allegations numbered 1(c) and 1(d) can be consolidated for review. The motion court makes specific mention of these allegations in its Finding of Fact number 15 and cites to authority which clearly refutes the allegations. Moreover, the allegations contained in numbers 1(c) and 1(d) indicate ineffective assistance of counsel during the guilt-innocence phase of the trial. We point out that movant dismissed both of his trial counselors immediately before the venirepersons were sworn. He proceeded pro se throughout the entire guilt-innocence phase of the trial. As such, movant cannot complain in his Rule 27.26 motion of ineffective assistance of trial counsel during the guilt-innocence phase of the trial. *See: State v. Randall*, 530 S.W.2d 407, 409 (Mo.App.1975); and, *Gaye v. State*, 576 S.W.2d 554, 556 (Mo.App. 1978). We find the conclusion of the motion court is not clearly erroneous in regards to the allegations numbered 1(c) and 1(d). *See: Richardson, supra.*

Allegation number 1(e) must be split into two separate claims. Movant alleges therein ineffective assistance of trial counsel "before and/or during the trial." For the reasons stated in the foregoing paragraph, we will not entertain claims of ineffective assistance of trial counsel during the guilt-innocence phase of the trial. *See: Randall, supra;* and, *Gaye, supra.* Additionally, the motion court's finding of fact number 16 and conclusion of law number 4 addresses the inadequacy of counsel allegations during the punishment phase of the trial. A review of the record reveals that in representing movant, the trial judge ac-

knowledged several times that trial counsel performed very competently. The motion court did not clearly err in the above finding. *See: Richardson, supra.* We find, however, there is no mention in the motion court's findings and conclusions which addresses the ineffective assistance of counsel allegation in number 1(e) *before* the trial. Once again, we will not supply findings and conclusions by implication. *See: Fields, supra.* The motion court should make specific findings of fact and conclusions of law in regards to the allegation contained in number 1(e) which concerns itself with ineffective assistance of counsel *before* the trial.

The allegations contained in number 1(f) are countered by Finding of Fact number 13. Once again, the motion court supplies us with appropriate citations to the trial transcript which refute the allegations. We find the court did not clearly err in its findings and conclusions regarding the allegations contained in number 1(f). *See: Richardson, supra.*

■ Furthermore, one of the allegations contained in number 1(f) alleges ineffective assistance of trial counsel. For the reasons stated above, allegations which involve ineffective assistance of trial counsel during the guilt-innocence phase of the trial need not be entertained. *See: Randall, supra;* and, *Gaye, supra.* The remaining allegations in number 1(f) concern ineffective assistance of appellate counsel. Claims of ineffective assistance of appellate counsel are not cognizable in a Rule 27.26 proceeding. *Westmoreland v. State,* 594 S.W.2d 596, 598 (Mo. banc 1980); *Roulette v. State,* 504 S.W.2d 331, 332 (Mo.App. 1973).

■ The allegations contained in number 1(f) fail for other reasons, as well. The motion court's Finding of Fact number 11 and Conclusion of Law number 7 correctly point out that the allegations were raised and decided in movant's direct appeal. *State v. Gilmore,* 697 S.W.2d 172, 174–5 (Mo. banc 1985). Where an issue is raised and decided on direct appeal, the defendant cannot obtain another review thereof in a Rule 27.26 proceeding, even if the defend-

ant has an additional citation to offer, or a different theory to suggest, or additional evidence which was not offered at the original trial. *Gailes v. State,* 454 S.W.2d 561, 563–4 (Mo.1970); *Sweazea v. State,* 515 S.W.2d 499, 501–2 (Mo. banc 1974). Finally, the allegations contained in number 1(f) need not be considered further because movant failed to argue the allegations in his brief. As such, movant waived review of number 1(f). *Brown v. State,* 492 S.W. 2d 762 (Mo.1973).

Allegation number 1(g) is specifically addressed by the motion court in its Findings of Fact number 17. The allegation is further addressed in Finding of Fact number 16 and Conclusion of Law number 4. The motion court attached an exhibit to its Findings of Fact and Conclusions of Law which refutes the allegation in number 1(g). As such, the motion court did not clearly err in its disposition of allegation number 1(g). *See: Richardson, supra.*

As for the allegations contained in number 1(h), we are unable to identify any findings or conclusions in the motion court's ruling specifically addressing the allegations contained therein. We will not supply findings and conclusions by implication. *See: Fields, supra.* The motion court should make specific findings and conclusions as to the allegations contained in number 1(h).

■ The allegations contained in number 2(a) are addressed in Finding of Fact number 11 and Conclusion of Law number 7. The allegations were raised and decided in movant's direct appeal. *State v. Gilmore,* 697 S.W.2d at 174. Issues raised in a direct appeal cannot be relitigated in a Rule 27.26 proceeding. *See: Gailes, supra;* and, *Sweazea, supra.* Furthermore, the allegations contained in number 2(a) involve, in essence, trial court errors. Mere trial errors are to be corrected by direct appeal. Rule 27.26(b)(3); *Coney v. State,* 491 S.W.2d 501, 506–7 (Mo.1973). We find the motion court did not clearly err in its disposition of number 2(a). *See: Richardson, supra.*

■ Allegation number 2(b) is without merit. First, the motion court's Finding of Fact number 11 and Conclusion of Law number 7 address the allegation raised in number 2(b). Our Supreme Court considered and decided movant's allegation number 7 in his direct appeal. *State v. Gilmore*, 697 S.W.2d at 174[6]. Thus, we need not discuss the allegations further. *See: Gailes, supra;* and, *Sweazea, supra.* Second, the allegation states a conclusion, namely that the trial court "refused to allow counsel whom movant had fired to do anything to assist [movant] ..." The allegation is deficient as it does not plead facts, only conclusions. *See: Chapman, supra.* Third, the allegation contained in number 2(b) involves trial court error. Mere trial court errors are to be corrected by direct appeal. Rule 27.26(b)(3); *Coney, supra.* The motion court did not clearly err in its disposition of number 2(b). *See: Richardson, supra.*

The allegations numbered 2(c) and 2(d) can be consolidated for discussion. Both allegations are directly addressed in the motion court's Finding of Fact number 13 complete with citations to the transcript. The allegations are, once again, refuted by the record. Moreover, Finding of Fact number 11 and Conclusion of Law number 7 also refer to numbers 2(c) and 2(d) in that the allegations were raised and decided in movant's direct appeal. *State v. Gilmore*, 697 S.W.2d at 174–5. As such, we need not consider the allegations in this proceeding. *See: Gailes, supra;* and, *Sweazea, supra.* Finally, the allegations involve trial court error which we will not review now. Rule 27.26(b)(3); *Coney, supra.* The trial court did not clearly err in its disposition of the allegations contained in numbers 2(c) and 2(d). *See: Richardson, supra.*

■ Next, movant raises two related allegations concerning the imposition of the death penalty in Parts 3 and 4 of the motion. The motion court, once again, addressed the claims in its Finding of Fact number 11 and its Conclusion of Law number 7. On direct appeal movant challenged the constitutionality of the imposition of the death penalty and our Supreme Court ruled it constitutional. *State v. Gilmore*, 697 S.W.2d at 176. Issues raised and decided on direct appeal cannot be relitigated in a Rule 27.26 proceeding. *See: Gailes, supra;* and, *Sweazea, supra.* We find the motion court did not clearly err in its disposition of Parts 3 and 4. *See: Richardson, supra.*

Part 5 of the motion alleges that Rule 30.30 is unconstitutional. Rule 30.30 provides the following:

When, for any reason except by stay of execution by action of the proper court or judge or the Governor, any convicted defendant sentenced to the punishment of death shall not have been executed pursuant to such sentence, and the cause shall stand in full force, this Court, upon application of the attorney general, shall issue a writ of habeas corpus to bring such defendant before this Court, or if he be at large, a warrant for his apprehension may be issued by this Court or any judge thereof. Upon such defendant being brought before this Court the facts shall be inquired into, and if no legal reasons exist against the execution of sentence, this Court shall issue a warrant to the warden of the state penitentiary for the execution of the defendant at the time therein specified, which warrant of execution shall be obeyed by such warden accordingly.

Movant contends that Rule 30.30 allows for unlimited resetting of execution dates and that it is violative of movant's right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the constitution. This argument is one of first impression in the courts of Missouri. We find, however, that a Rule 27.26 motion is not the appropriate legal vehicle in which to challenge the constitutionality of Rule 30.30.

■ The preamble of Rule 27.26 restricts the types of claims which may be included in a motion under the rule. The preamble of Rule 27.26 states as follows:

A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws

of this state or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed such sentence to vacate, set aside, or correct the same ...

Our Supreme Court has determined that the sentence was not imposed in violation of the constitution and laws of Missouri or the United States. *See: State v. Gilmore,* 697 S.W.2d at 176. Movant is not arguing that the court imposing the sentence was without jurisdiction. Nor is movant arguing that the sentence was in excess of the maximum sentence authorized by law. Apparently, movant is claiming the sentence "is otherwise subject to collateral attack." Rule 27.26 preamble. The sole purpose of Rule 27.26 is to determine whether movant's original trial was violative of any constitutional requirements or if the judgment is otherwise void. *Fields v. State,* 572 S.W.2d at 480.

Rule 30.30 merely delineates a procedure by which a new execution date is set after a previously set date expires. The rule does not provide for the date of execution of the sentence to be continued or postponed. Furthermore, Rule 30.30 does not impose the sentence; it does not relate to movant's original trial. The sentence was imposed by the trial court and affirmed by our Supreme Court. The raison d'etre of Rule 30.30, therefore, is to ensure that the sentence is ultimately carried out after all constitutional and statutory safeguards have been met. We find the sentence in this case is not subject to collateral attack on the grounds that Rule 30.30 is unconstitutional.

Additionally, the motion court made a generalized statement in Conclusion of Law number 8 concerning the allegation contained in number 5. The motion court is not required to make specific findings and conclusions concerning allegations not cognizable in a Rule 27.26 proceeding. *Hudson v. State,* 612 S.W.2d 375, 378 (Mo. App.1980). The motion court did not clear-

ly err in its disposition of allegation number 5. *See: Richardson, supra.*

Part 6 of the motion contains two separate allegations regarding instructional error. The first allegation claims an erroneous refusal to instruct on first degree murder by the trial court. The second allegation involves ineffective assistance of appellate counsel. The motion court's Conclusion of Law number 8 addresses the allegations contained in Part 6. The motion court is not required to make specific findings and conclusions concerning allegations not cognizable in a Rule 27.26 proceeding. *See: Hudson, supra.* Second, instructional error is not generally a matter which may be reviewed in a post-conviction relief proceeding. *Cherry v. State,* 660 S.W.2d 361, 363 (Mo.App.1983). Third, mere trial errors are to be corrected by direct appeal. Rule 27.26(b)(3); *Coney, supra.* Fourth, claims of ineffective assistance of appellate counsel are not cognizable in this Rule 27.26 proceeding. *See: Westmoreland, supra;* and, *Roulette, supra.* The motion court did not clearly err in its disposition of Part 6. *See: Richardson, supra.*

The allegation contained in Part 7 of the motion involves trial court error. Again, Conclusion of Law number 8 addresses the allegation found in Part 7. The motion court is not required to make specific findings and conclusions concerning allegations not cognizable in a Rule 27.26 proceeding. *See: Hudson, supra.* Mere trial errors are to be corrected by direct appeal. Rule 27.26(b)(3); *Coney, supra.* The motion court did not clearly err in its disposition of Part 7. *See: Richardson, supra.*

In Part 8 movant incorporates by reference the answers to the questions contained in movant's pro se motion. The allegations set forth in the pro se motion mirror the allegations numbered 1(a) and 1(b) of the amended motion. Having already disposed of numbers 1(a) and 1(b), further review is not necessary.

In summary, we reverse the judgment as to the allegations numbered 1(b), 1(h) and part of 1(e) and remand said allegations for further consideration in accordance with

this opinion. In all other respects we affirm the motion court's judgment. On remand, the motion court should make specific findings of fact and conclusions of law directed to the allegations remanded for its consideration and to hold an evidentiary hearing thereon if it deems necessary.

Affirmed in part. Reversed and remanded in part.

CRANDALL and GRIMM, JJ., concur.