George GILMORE, Appellant,

v.

STATE of Missouri, Respondent.

No. 54355.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 29, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Robert C. Wolfrum, Asst. Public Defender, St. Charles, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Presiding Judge.

Movant, George C. Gilmore, appeals the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted by a jury of capital murder and was sentenced to death. Our Supreme Court affirmed the conviction on direct appeal in *State v. Gilmore*, 697 S.W.2d 172 (Mo. banc 1985), *cert. denied*, 476 U.S. 1178, 106 S.Ct. 2906, 90 L.Ed.2d 992 (1986). Movant filed a pro se Rule 27.26 motion. His appointed counsel filed an amended motion on movant's behalf.

The motion court issued its findings of fact and conclusions of law which denied the motion without an evidentiary hearing. Movant appealed the decision of the motion court. In *Gilmore v. State*, 741 S.W.2d 704 (Mo.App.1987), we upheld most of the motion court's findings and conclusions, but reversed the judgment as to the allegations numbered 1(b), 1(h), and part of 1(e) of the amended motion, and remanded the cause for more specific findings of fact and conclusions of law and to hold an evidentiary hearing thereon if the motion court deemed it necessary. Subsequently, the motion court, without conducting an evidentiary hearing, filed its supplemental and amended findings of fact and conclusions of law specifically addressing the three allegations. Once again, the motion court denied the motion. Movant brings this appeal.

In his sole point on appeal, movant contends the motion court erred in denying his motion without an evidentiary hearing because the allegations raised issues of fact that were not conclusively refuted by the record.

Movant's amended allegations are as follows:

1. Movant's conviction was obtained in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution when movant's counsel rendered ineffective assistance of counsel. Counsel was ineffective for at least the following reasons:

. . . . .

b. Counsel failed and refused to honor Movant's request to contact Leonard Laws. Had counsel done so counsel would have learned that Laws would have testified that to his knowledge Movant was not at the alleged crime scene during the cogent times.

. . . . .

e. Defense counsel failed to investigate and object to improper communications between the prosecuting attorney and jurors before ... the trial.

. . . . .

h. Movant was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments when his counsel failed to call Sonny Richards or Steve Richards, a law enforcement officer, to testify at the motion to suppress statements hearing that a cassette tape existed which contained assertions by movant of his right to counsel and right to silence and threats directed at movant which induced him to make a

statement in this cause. Movant was further denied his right to effective assistance of counsel when his counsel failed to call him as a witness to establish the above.

We note that our review is limited to determining whether the conclusions and the judgment of the motion court are clearly erroneous. Former Rule 27.26(j); *Gilmore v. State*, 741 S.W.2d 704, 705 (Mo. App.1987). Furthermore, the motion court's conclusions are clearly erroneous if a review of the entire record leaves us with a definite and firm impression that a mistake has been made. *Id.* at 705–06.

 To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must: (1) allege facts, not conclusions, warranting relief; (2) the facts must raise matters which are not refuted by the record; and, (3) the matters complained of must have resulted in prejudice to the movant. *Id.* at 706[2].

In the present case, the motion court found no prejudice to movant with regard to allegation 1(b) because movant chose to represent himself at trial and had the opportunity to call or to subpoena Laws to testify on movant's behalf, but he failed to do so. Movant cannot now complain of ineffective assistance of counsel since the prejudice, if any, was his own doing as a result of his self-representation. *Id.* at 706[4]. We find that the decision of the motion court with regard to allegation 1(b) is not clearly erroneous.

In its findings as to allegation 1(e), the motion court found nothing in the record to corroborate movant's allegation of improper communications with the jury. Further, the motion court correctly found the allegation to be deficient and conclusory as it failed to allege any specific facts of improper communications between the prosecutor and the jurors. *Id.* at 706[2]. The motion court did not clearly err in its disposition of allegation number 1(e).

As for allegation number 1(h), the motion court found no prejudice to movant because during the trial movant could have requested or subpoenaed Sonny Richards or Steve Richards to testify at trial on movant's behalf regarding the voluntariness of the statements movant made to the police, but he failed to do so. Similarly, movant could have testified on his own behalf at trial with regard to the voluntariness of the statements. As such, movant cannot now complain of ineffective assistance of counsel since he had the opportunity to attempt to neutralize the alleged prejudice, if any, through his self-representation. *Id.* at 706[4]. The motion court did not clearly err in its disposition of allegation number 1(h).

Thus, the motion was conclusively refuted by the record and an evidentiary hearing was not required.

Judgment affirmed.

CRANDALL and GRIMM, JJ., concur.