Steven R. HOVEN, Movant,

v.

STATE of Missouri, Respondent.

No. 54581.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 13, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 19, 1988.

H. Christine Taylor, Asst. Public Defender, Clayton, for movant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

KELLY, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant pled guilty to a single count of unlawful use of a weapon, § 571.030 RSMo 1986, on June 23, 1986, in St. Louis County, Missouri. He was sentenced to four years imprisonment to run consecutively to Parole Revocation 82–CR–1942 in Shawnee County, Kansas. Subsequently, on January 28, 1987, movant pled guilty to the crimes of burglary and arson in Jackson County, Missouri. The Jackson County trial court sentenced appellant to a term of seven years on the burglary charge and to a consecutive term of seven years on the arson charge, with these sentences to be served consecutively to the four year sentence imposed by the St. Louis County Court on June 23, 1986.

Movant filed a pro se motion to correct or amend sentence in the St. Louis County Circuit Court on November 6, 1987. On February 2, 1988, appointed counsel filed an amended motion, alleging that defendant was denied effective assistance of counsel on January 28, 1987, when he pled guilty to the burglary and arson in Jackson County, Missouri. Appellant contends that his trial counsel in Jackson County was ineffective for failing to investigate the plea agreement in St. Louis County. As part of the plea agreement in St. Louis County, the assistant prosecuting attorney agreed that if the appellant were to be convicted or plead guilty to the two charges in Jackson County, she would not object to the recommendation that the sentence run concurrently with the sentence imposed in St. Louis County. Appellant does not claim a violation of his right to

effective assistance of counsel in regard to the plea entered in St. Louis County on June 23, 1986.

Rule 27.26 provides in relevant part, as follows:

(a) Nature of remedy ...

"The motion seeking such relief *shall be filed in the court where the sentence is imposed.*" (emphasis added).

■ Appellant filed his Rule 27.26 motion in the wrong court. The gravamen of his Rule 27.26 motion was that the sentence imposed in Jackson County was ordered to run consecutively to the sentence previously imposed in St. Louis County. His real complaint is with the sentence imposed not in St. Louis County, but in Jackson County. Any complaint he has with consecutive time imposed in Jackson County should be redressed in the courts of Jackson County.

To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must: (1) allege facts, not conclusions, warranting relief; (2) the facts must raise matters which are not refuted by the record; and, (3) the matters complained of must have resulted in prejudice to the movant. *Gilmore v. State*, 741 S.W.2d 704, 706[2] (Mo. App.1987).

■ In the present case, the movant did not allege that his plea of guilty in the St. Louis County case was involuntary or with a lack of understanding. Moreover, we find that the guilty plea transcript clearly shows that movant understood that the St. Louis County sentence had nothing to do with the charges pending in Jackson County.

JUDGMENT AFFIRMED.

PUDLOWSKI, C.J., and CARL R. GAERTNER, J., concur.