## WILLIAMS v. MISSOURI

No. A–1077.   Decided July 6, 1983

JUSTICE BLACKMUN, Circuit Justice.

On May 31, 1983, the Supreme Court of Missouri affirmed applicant Williams' conviction and death sentence.   652 S. W. 2d 102.   It noted applicant's execution was set for July 15.   On June 30, the Missouri Supreme Court denied applicant's timely motion for rehearing, and his motion requesting that court to stay issuance of its mandate pending final disposition of a petition for certiorari in this Court.   Under the Rules of this Court, applicant has until August 29, 1983, to file a petition for certiorari.   He has applied to me for a stay of execution pending timely filing and disposition of that petition.   The application is granted.

"[D]irect appeal is the primary avenue for review of a conviction or sentence." *Barefoot* v. *Estelle, ante,* at 887.   If a federal question is involved, the process of direct review "includes the right to petition this Court for a writ of certiorari." *Ibid.*   A stay of execution obviously is essential to realization of this right if the execution otherwise would occur prior to the expiration of a defendant's time to petition this Court for direct review.   The defendant must have at least one opportunity to present to the full Court his claims that

his death sentence has been imposed unconstitutionally. For this reason, if a State schedules an execution to take place before filing and disposition of a petition for certiorari, I must stay that execution pending completion of direct review, as a matter of course.