## McDONALD v. MISSOURI

No. A–525.   Decided January 3, 1984*

JUSTICE BLACKMUN, Circuit Justice.

I have before me applications to stay the executions of Samuel Lee McDonald, Leonard Marvin Laws, Thomas Henry Battle, and George Clifton Gilmore, each convicted in a Missouri state court of capital murder and each sentenced to die on January 6, 1984.  Their respective convictions and sentences have been affirmed by the Supreme Court of Missouri on direct appeal, *State* v. *McDonald*, 661 S. W. 2d 497 (1983); *State* v. *Laws* 661 S. W. 2d 526 (1983); *State* v. *Battle*, 661 S. W. 2d 487 (1983); *State* v. *Gilmore*, 650 S. W. 2d 627 (1983), but review here on such federal grounds as the respective applicants may possess has not yet been had.  The execution date in each case has been fixed by the Missouri Supreme Court.  See Mo. Rule Crim. Proc. 29.08(d).

In *Williams* v. *Missouri*, 463 U. S. 1301 (1983), I granted a stay of execution pending timely filing and disposition of a petition for certiorari on direct review.  That case procedurally was similar to these, and the Supreme Court of Missouri there, also, had denied a stay of its mandate.  In a short accompanying opinion, I pointed out that, if a federal question is involved, the process of direct review " 'includes the right

---

*Together with No. A–526, *Laws* v. *Missouri;* No. A–527, *Battle* v. *Missouri;* and No. A–531, *Gilmore* v. *Missouri*, also on applications for stays of executions.

to petition this Court for a writ of certiorari,'" *ibid.*, quoting *Barefoot* v. *Estelle*, 463 U. S. 880, 887 (1983). I specifically stated:

> "[I]f a State schedules an execution to take place before filing and disposition of a petition for certiorari, I must stay that execution pending completion of direct review, as a matter of course." 463 U. S., at 1302.

Every defendant in a state court of this Nation who has a right of direct review from a sentence of death, no matter how heinous his offense may appear to be, is entitled to have that review before paying the ultimate penalty. The right of review otherwise is rendered utterly meaningless. It makes no sense to have the execution set on a date within the time specified for that review, see 28 U. S. C. §§ 1257 and 2101; this Court's Rule 20.1, and before the review is completed. I thought I had advised the Supreme Court of Missouri once before, in *Williams*, that, as Circuit Justice of the Circuit in which the State of Missouri is located, I, upon proper application, shall stay the execution of any Missouri applicant whose direct review of his conviction and death sentence is being sought and has not been completed. I repeat the admonition to the Supreme Court of Missouri, and to any official within the State's chain of responsibility, that I shall continue that practice. The stay, of course, ought to be granted by the state tribunal in the first instance, but, if it fails to fulfill its responsibility, I shall fulfill mine.

Accordingly, in each of the four cases, I grant the application to stay the execution now scheduled for January 6, 1984. Orders are being entered accordingly.