Walter J. BLAIR, Plaintiff,

v.

Bill ARMONTROUT, Defendant.

No. 85–0155–CV–W–5.

United States District Court,
W.D. Missouri, W.D.

March 14, 1985.

Bernard Rhodes, Gage & Tucker, Kansas City, Mo., for plaintiff.

John Ashcroft, Atty. Gen., State of Mo., Jefferson City, Mo., for defendant.

ORDER

SCOTT O. WRIGHT, Chief Judge.

Petitioner Walter Junior Blair has brought this action seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Blair was convicted of capital murder in the Circuit Court of Jackson County, Missouri, and the Missouri Supreme Court has scheduled Blair's execution for March 20, 1985. Before the Court is the petitioner's motion for a stay of execution pending resolution of his habeas corpus petition. For the following reasons, the petitioner's request for a stay will be granted.

Initially, the Court notes that there is no question but that the petitioner is entitled, as a matter of law, to a stay of execution pending completion of habeas corpus review. The petitioner was found guilty of the capital murder charge on October 16, 1980, and the jury assessed the death penalty. This sentence was formally imposed by the trial court on January 14, 1981. The petitioner's conviction and sentence were affirmed on direct appeal by the Missouri Supreme Court. *State v. Blair*, 638 S.W.2d 739 (Mo.1982). The United States Supreme Court thereafter denied certiorari on direct review.

The petitioner then challenged his conviction by filing a motion pursuant to Mo.Rule of Crim.Proc. 27.26 on May 13, 1983. An evidentiary hearing was held by the Circuit Court of Jackson County, and the petitioner's 27.26 motion was denied. The Court of Appeals for the Western District of Missouri affirmed the trial court's denial of the 27.26 motion, and on January 15, 1985, the

Missouri Supreme Court denied the petitioner's application for transfer.

On February 4, 1985, prior to the petitioner's filing of his request for habeas corpus relief, the Missouri Supreme Court held a hearing to set the petitioner's execution date. The petitioner appeared personally and was represented by counsel at the hearing. The following day the Missouri Supreme Court scheduled the petitioner's execution for March 20, 1985. On February 11, 1985, the petitioner filed a *pro se* petition for a writ of habeas corpus with this Court. Shortly thereafter the petitioner filed a motion with the Missouri Supreme Court requesting a stay of execution pending habeas corpus review. The Missouri Supreme Court summarily overruled the petitioner's request for stay without an opinion on February 28, 1985.

By refusing the petitioner's request for a stay of execution, the Missouri Supreme Court has in effect authorized the execution of a condemned prisoner without affording him the opportunity to exercise his constitutional right of federal habeas corpus review. In so doing, the Missouri Supreme Court ignored its responsibility to stay executions while federal judicial review is pending. *See McDonald v. Missouri*, — U.S. —, 104 S.Ct. 567, 568, 78 L.Ed.2d 538 (1984). In *McDonald,* Justice Blackmun, sitting in his supervisory capacity as Circuit Justice of the Eighth Circuit, granted a stay of execution of four individuals whose execution dates had been set by the Missouri Supreme Court. Justice Blackmun noted that the Missouri Supreme Court had denied stays of execution of the four convicts despite the fact that each prisoner had filed with the United States Supreme Court a timely petition for certiorari on direct review. Justice Blackmun stated that, if a federal question is involved, the process of direct review includes the right to petition the Supreme Court for a writ of certiorari. *Id.,* 104 S.Ct. at 567. *See also Williams v. Missouri,* 463 U.S. 1301, 103 S.Ct. 3521, 3522, 77 L.Ed.2d 1282 (stay of execution granted by Justice Blackmun following denial of same by Missouri Supreme Court where con-

demned inmate had filed a petition for certiorari on direct review).

In *McDonald,* Justice Blackmun noted that if a state schedules an execution to take place before the filing and resolution of a petition for certiorari with the United States Supreme Court, such execution must be stayed as a matter of course pending completion of direct review. *McDonald,* 104 S.Ct. at 567. Justice Blackmun observed that

> Every defendant in a state court of this Nation who has a right of direct review from a sentence of death, no matter how heinous his offense may appear to be, is entitled to have that review before paying the ultimate penalty. The right of review otherwise is rendered utterly meaningless. It makes no sense to have the execution set on a date within the time specified for that review, (cites omitted) and before the review is completed.

*Id.* at 567–68. Justice Blackmun then reiterated his statements previously made in *Williams* and discussed the responsibility of state and federal courts in considering requests for stays of execution while direct review is pending:

> I thought I had advised the Supreme Court of Missouri once before, in *Williams,* that, as Circuit Justice of the Circuit in which the State of Missouri is located, I, upon proper application, shall stay the execution of any Missouri applicant whose direct review of his conviction and death sentence is being sought and has not been completed. I repeat the admonition to the Supreme Court of Missouri, and to any official within the state's chain of responsibility, that I shall continue that practice. The stay, of course, ought to be granted by the state tribunal in the first instance, but, if it fails to fulfill its responsibility, I shall fulfill mine.

*McDonald,* 104 S.Ct. at 568.

In the instant case, there is no valid reason justifying the Missouri Supreme Court's failure to grant a stay of execution.

To the limited extent that the granting of a stay may depend on the probability of success on the merits, *see Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 3392, 77 L.Ed.2d 1090 (1983), the petitioner in this case specifically advised the Missouri Supreme Court that federal habeas review was being sought pursuant to the recent Eighth Circuit United States Court of Appeals decision in *Grigsby v. Mabry,* 758 F.2d 226, (8th Cir. 1985), in which it was held that the use of death-qualified juries to determine a criminal defendant's guilt constituted a *per se* violation of the Sixth and Fourteenth Amendments. Although the death-qualification issue was specifically litigated before the Missouri Supreme Court on direct appeal, *see State v. Blair,* 638 S.W.2d 739, 751–52 (Mo.1982), the petitioner's request for a stay was denied by the same court notwithstanding the Eighth Circuit's holding in *Grigsby.*

Substantive considerations aside, it is evident that the petitioner is entitled to a stay of execution on procedural grounds alone. Habeas corpus review is the exclusive federal remedy by which a convicted state prisoner may test the legality of his incarceration or sentence. The guilt or innocence of the prisoner is not to be re-examined on habeas corpus review, rather, the purpose of habeas corpus is to remedy fundamental unfairness at trial or the infringement of important constitutional rights. "The writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action." *Harris v. Nelson,* 394 U.S. 286, 89 S.Ct. 1082, 1086, 22 L.Ed.2d 281 (1969). The right to petition federal courts for habeas corpus review is guaranteed by the Constitution. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 1834, 36 L.Ed.2d 439 (1973). A state prisoner sentenced to death is constitutionally entitled to habeas corpus review, and, as Justice Blackmun observed in *McDonald* regarding stays pending direct review on certiorari, a condemned prisoner is entitled to have that review before the death penalty is carried out, no matter how heinous the offense may appear to be. "The right

of review otherwise is rendered utterly meaningless. It makes no sense to have the execution set on a date within the time specified for that review...." *McDonald,* 104 S.Ct. at 567.

Finally, the Court is compelled to take notice of complaints issued recently by state courts concerning "unwarranted" federal intrusion into state court proceedings. Like all federal courts, this Court subscribes to the principle of comity, which requires federal courts to afford state courts the opportunity to perform their duties. *See Webb v. Webb,* 451 U.S. 493, 101 S.Ct. 1889, 1893, 68 L.Ed.2d 392 (1981). It is evident that the Missouri Supreme Court has a significant responsibility concerning the timing of executions because the supreme court is charged by state law with the scheduling of executions, *see* Mo. Rule of Crim.Proc. 29.08(d), and because an appropriate request for a stay of execution "ought to be granted by the state tribunal in the first instance...." *McDonald,* 104 S.Ct. at 568. Although the principle of comity is not specifically implicated in this litigation, it is apparent that the very foundation on which the theory is based will be jeopardized if the Missouri Supreme Court continues to ignore its well-defined responsibility concerning requests for stays of execution due to pending federal review. Since the Missouri Supreme Court has failed to accept its responsibility, I shall accept mine.

Accordingly, it is hereby

ORDERED that the petitioner's request for stay is granted, and the petitioner's execution previously set for March 20, 1985 is stayed pending resolution of the petitioner's request for habeas corpus relief.